MARTIN BRUGGERMAN *vs.* J. F. TRUE and another.

June 29, 1878.

Eminent Domain—Highways.—In case of a highway, laid out under the provisions of Gen. St. c. 13, §§ 33–43, as amended by Laws 1867, c. 30, § 4, and Laws 1868, c. 48, § 2, the owner of land over which the same was laid, who availed himself of the right of appeal secured by section 39, had, in contemplation of law, found the impartial tribunal and had the opportunity to be heard, to which he was entitled. The law involved in *Langford* v. *Commissioners of Ramsey County*, 16 Minn. 375, distinguished from the statutory provisions above referred to.

Same—Jury Trial.—In proceedings for laying out highways, under said statutory provisions, the owner of land appropriated for the same was not entitled to a jury trial..

Evidence—Recital of jurisdictional facts in Order.—*Cassidy* v. *Smith*, 13 Minn. 129, followed and applied to this case.

Appeal by plaintiff from an order of the district court for Ramsey county, *Brill*, J., presiding, refusing a new trial.

*S. L. Pierce* and *J. Mainzer*, for appellant.

*Davis, O'Brien & Wilson*, for respondents.

BERRY, J. The plaintiff, claiming to be owner in possession of certain land, brings this action against the defendants for unlawfully entering upon the same, digging up the soil, etc. The defence is, that the alleged unlawful acts were done under the authority of the proper town supervisors, in and about the working of a highway, which had been duly and legally laid out, and directed to be opened and worked, at the *locus in quo*.

The proceedings for laying out the highway were had in 1870, under the provisions of Gen. St. *c.* 13, §§ 33–43, as amended by Laws 1867, *c.* 30, § 4, and Laws 1868, *c.* 48, § 2. By section 38, the town supervisors are authorized to assess the damages occasioned to any land-owner by the laying out or opening of a road, in case the amount of such damages is not agreed upon. The statute does not require any notice of the assessment to be given to the land-owner, so that he can be heard upon it. Section 39 provides that any person, owner of or agent for any land over which a highway is laid out, feeling himself aggrieved by any order made by the supervisors, may appeal from the same to three county commissioners. Sections 41, 42 and 43 provide that the commissioners to whom an appeal is taken shall fix upon a time of meeting to consider the same, at a convenient place at or near the road to be examined; that notice of such time and place shall be served by the person making the appeal, upon the supervisors, and upon three of the petitioners for the road; that the three commissioners shall meet at the time

and place aforesaid, and hear the proofs and allegations of the parties; that they shall have power to issue process to compel the attendance of witnesses; that their decision shall embrace the whole matter in controversy; that they shall, *first*, consider the propriety and expediency of locating the road, and *secondly*, the subject of damages, if such subject was embraced in the appeal; and they shall fix on the amount of damages which, in their judgment, is right and just to be paid to each person claiming damages.

It is claimed that the above provisions of section 38 are unconstitutional, because the supervisors represent the town, which is the party treating for the right of way, and they are, therefore, not a properly impartial tribunal. In support of this position *Langford* v. *Com'rs of Ramsey County,* 16 Minn. 375, is relied on. That was a case in which certain persons were, by an act of the legislature, appointed commissioners for the special purpose of laying out a certain road and ascertaining and determining the compensation proper to be made for the damages thereby occasioned, and their decision was final. The court, after having laid down the proposition that the owner of land taken for public use has a right to require that an impartial tribunal be provided for the determination of the question of compensation, before which both parties may meet and discuss their claims on equal terms, proceed to say, with regard to the case before it, that "the commissioners to determine the compensation are private citizens, appointed directly by the legislature, without the consent of the persons whose land is taken for the public. No notice of the proceedings before the commissioners is given. The land-owner is not authorized to appear at any stage of the proceedings; * * the proceedings are entirely *ex parte*." It was accordingly held, that the mode provided by the act referred to for determining the compensation due to a person for the taking of his property, was in contravention of the constitution. It will be obvious, upon a little reflection, that the Langford case is by no means parallel to

that at bar.   In the latter, as respects the tribunals appointed to act in the premises, the supervisors and commissioners are not only standing public officers, a part of whose regular and usual official duty it is to act in matters of this kind, and who are chosen by popular vote, with reference to this duty, as judicial officers are chosen for judicial duty, but the commissioners to whom an appeal is given are not town officers, and do not represent the town, or act for it.   Although the right of a person whose land is taken, to be heard upon the question of damages, does not appear to be secured before the supervisors by any provision for notice of a time and place of hearing upon that question, it is expressly provided that, upon an appeal, such persons may be fully heard, both as respects the propriety of laying out the road, and the damages, at a time and place of which he has notice.   These provisions of statute differ essentially from those of the act considered in the Langford case; and where a person whose land is appropriated, avails himself (as the plaintiff did in this instance) of these provisions of statute, he has, in contemplation of law, found the impartial tribunal, and had the opportunity to be heard, to which he is entitled.

The plaintiff's point, that he was entitled to a jury trial, is disposed of by *Ames* v. *Lake Superior & Mississippi R. Co.*, 21 Minn. 241, where it is, in effect, held that the constitution does not secure a right of trial by jury in proceedings to take private property for public use, under the eminent domain. The plaintiff's counsel claims, that prior to the adoption of our state constitution, a right of trial by jury, in cases of this kind, was given by Laws 1857, (Ex. Session,) *c.* 62, §§ 10–15, and that this right is preserved by section 4, of the bill of rights.   A reference to those sections will hardly show that they confer anything which can properly be called a right of trial by jury, since that implies a trial conducted under the direction of some court, and a verdict upon which judgment is rendered; and, besides, *Whallon* v. *Bancroft*, 4 Minn. 70

(109,) determines that such a right of trial by jury, even if it can be so called, is not preserved by the provision cited from the bill of rights, since that provision has reference only to "cases at law." This determination is followed in *Ames* v. *Lake Superior & Mississippi R. Co.,* 21 Minn. 241.

The defendants, upon the trial, offered in evidence an order of the supervisors, laying out the road in question, and also an order of two county commissioners, determining "that the same should be located in accordance with the order of the supervisors," and also passing upon and determining the question of damages. The evidence thus offered was objected to solely on the ground that the law under which the proceedings detailed in the orders were had, was unconstitutional. What we have before said disposes of this objection. By thus specifying his ground of objection, the plaintiff waived all other grounds of objection to the evidence, thus, in effect, admitting that the evidence offered was, in other respects, competent and admissible.

These considerations dispose of several of the points here made by the plaintiff. The objection which he makes to the sufficiency of the evidence furnished by the orders to show jurisdiction in the commissioners, is disposed of by the recitals found in the orders made by them, which are, in a collateral proceeding like this action, "sufficient *prima-facie* evidence" of the existence of the jurisdictional facts recited. *Cassidy* v. *Smith,* 13 Minn. 129.

Order affirmed.