GUSTAV BANSE v. TOWN OF CLARK and Others.[1]

June 21, 1897.

Nos. 10,613—(104).

**Highway—Establishment—Oral Evidence.**
Oral evidence is competent in aid of a petition and order for the laying out of a highway, to show that the petition was signed by the necessary number of qualified petitioners.

**Same—Petition—More than One Road.**
The fact that a petition for a highway includes more than one proposed road does not affect the jurisdiction of the town supervisors to act upon the petition, and lay out one of the proposed highways.

**Same—Order—Misdescription.**
A misrecital, in the order laying out the road, of the description of the proposed road, as contained in the petition, does not affect the validity of the order, where the road, as actually laid, is correctly described therein.

**Same—Failure to Record Plat.**
The failure of the town clerk to record the surveyor's plat of the road, with the road order, and its loss and nonproduction in evidence on the trial of this case, did not render the order invalid or inadmissible in evidence.

**Same—Assessment of Damages—Waiver.**
Where a public highway has been laid out and opened, and is in use as such by the public, but for any reason the landowner's damages for the taking of his land for the road have not been paid or secured, and he fails to apply, under the provisions of G. S. 1894, § 1856, to have his damages assessed and paid within the time therein limited, he will be deemed to have waived all claim for them. Such statute, so construed, is constitutional.

Appeal by defendants from an order of the district court for Faribault county, Severance, J., granting plaintiff's motion for a new trial after directing a verdict for defendants. Reversed.

*Frank E. Putnam*, for appellants.

*C. N. Andrews*, for respondent.

START, C. J.

This is an action in the nature of trespass quare clausum. The

[1] Reported in 71 N. W. 819.

defendants admitted that the plaintiff was the owner in fee of the locus in quo, but justified their entry thereon upon the ground that it was subject to the easement of a public highway. The existence of such highway was and is the only question in this case. The trial court held, as a matter of law, that the evidence received on the trial established the existence of such highway, and instructed the jury to return a verdict for the defendants. The plaintiff made a motion for a new trial, and the defendants appealed from the order granting the motion.

The only question for our decision is whether the evidence was sufficient to establish a legal highway.

The evidence on this question was substantially as follows: A petition to the supervisors of the defendant town was received in evidence without objection, signed by at least twelve resident freeholders of the town, for the laying out of several highways, four rods wide, within the town, including one commencing at the northwest corner of section 1; thence south, on the section line, to the southwest corner of section 36. This is the road in question, and includes within its limits the locus in quo. There was no recital in the petition that the petitioners were freeholders of the town. That they were such, but that many of them lived more than a mile from the road, was shown by oral evidence, without objection. The petition recited that the petitioners were legal voters, residing within one mile of the roads to be laid out. A certified copy of an order of the supervisors of the town purporting to lay out the road in question was also offered and received in evidence, against the objection of the plaintiff that it was incompetent and immaterial; but it was expressly stated that no objection was made on the ground of its being a copy, instead of the original. It was also admitted by the parties on the trial that the original petition and order could not be found, and that the records thereof in the office of the town clerk were the only records and papers relating to the road in question, so far as known. This order recites that the supervisors having before them a petition of six legal voters, residing within one mile of the route, for the laying of a public highway, and that a copy of the petition having been first duly posted as required by law, they personally examined the route proposed in the petition for a road, to wit:

"Commencing at the N. W. corner of section 1, town 103, range 24, running thence south to the southeast corner of section 36, same town and range."

It also recites that notice was given of the time and place when and where the supervisors would meet to hear reasons for or against the laying out of the road, as required by law; that they met at such time, and heard all such reasons. The order then continues in these words:

"And being of the opinion that such laying out is necessary and proper, and that the public interests would be promoted thereby, and having determined to lay out said road, we did, on the 7th day of March, A. D. 1871, cause a survey thereof to be made by a competent surveyor, who made report as follows: (The report is hereunto annexed, and marked 'F.') It is therefore indorsed and determined that a road be, and the same is hereby, laid out and established, according to said survey, and the plat thereunto annexed, and made part of this order, which is hereby declared to be a public highway, four rods wide, the line of said survey being the center of said road. In witness whereof, we, the said supervisors, have hereunto set our hands, this 15th day of March, A. D. 1871."

The survey annexed to the order was directed to the supervisors of the town, and was, omitting date and signatures, in the words following:

"The undersigned having been employed by you to make a survey of a road, beginning at the northwest corner of section one in town 103 north, of range 24 west, thence south, on section line, to the southwest corner of section thirty-six, at the south line of said town, would report that the following is a correct survey thereof, as made by me under your directions, to wit: Commencing at the northwest corner stake at the northwest corner of section one aforesaid; thence running south, on section line, six miles to the section corner stake at the southwest corner of section thirty-six, in said town; and that herewith is a correct plat of said road, according to said survey."

The plat referred to in the order and survey was not given in evidence. The inference from the admission of the parties to which we have referred is that neither the original nor any record thereof was in existence at the time of the trial. The only evidence that there ever was such a plat is the recital in the order and report of the survey.

The evidence was undisputed that the road was opened in 1871,

and was traveled on the section line at the locus in quo, and that in 1885 the plaintiff caused a fence to be built within the limits of the highway. The defendant supervisors removed this fence, which is the trespass complained of in this action. It is not claimed by the defendants that there is a highway at the locus in quo by dedication or user, but they do claim that the undisputed evidence shows that a highway was legally laid out by the action of the town supervisors. The trial court refused to permit the plaintiff to testify that he had never been paid anything for the laying out of the highway in question, to which ruling he excepted.

1. When the proceedings to lay out this highway here in question were had, the supervisors of a town were authorized to lay out town roads on the petition of not less than six freeholders residing within one mile of the proposed road, or on the petition of not less than twelve freeholders of the town. G. S. 1866, c. 13, § 33, as amended by Laws 1868, c. 48, § 2.

The petition recites that the signers are legal voters, residing within one mile of the road,—a mistake, as shown by the evidence on the trial; but if, in fact, it was signed by twelve freeholders of the town and was sufficient in other respects, it conferred jurisdiction upon the supervisors to hear it. It was the duty of the supervisors to determine, before taking action upon the petition, whether it was signed by the necessary number of qualified petitioners. The statute did not prescribe how or by what evidence such jurisdictional fact should be determined, nor require the evidence to be preserved, or any record thereof to be made; hence, if the order had recited that the petition was signed by the necessary number of qualified petitioners, the order itself would, in a collateral proceeding, be prima facie evidence of such fact. In this case, however, neither the petition nor the order recites such fact; but inasmuch as it was the fact that the petition was signed by the necessary number of qualified petitioners, which conferred jurisdiction, and not the proof of the fact, it was competent to prove such fact in this case by oral evidence in aid of the petition and order. Besides, proof of such fact and the petition were received in evidence without objection.

2. The defendants also urge the insufficiency of the petition, because it included more than one proposed highway. While there

was no statute forbidding, in terms, the uniting of several applications for the laying out of as many separate roads in one petition, yet such a practice, where the proposed roads were not a part of one system of roads, was irregular. Such irregularity, however, did not affect the jurisdiction of the supervisors to hear the petition in this case. It would appear from the recitals in the road order that they treated the petition in question as one for the laying out only of the road in question. However this may be, their proceedings in laying this road cannot be held void in this collateral action, on account of such irregularity.

3. Another objection made to the order is that it states that the road terminates at the "southeast" corner of section 36, instead of the "southwest" corner. This discrepancy occurs in the part of the order which purports to describe the road as set out in the petition, a mere recital; but the road as laid by the order was correctly described in the surveyor's report, which was a part of the order.

4. A fourth objection to the order was that the plat referred to in the survey was not produced with the order, nor any evidence given of its loss. That it was not produced in evidence is true, but the recitals in the order and survey show prima facie that one was made, and that it was a part of the order. The admission of the parties, to the effect that the records of the petition and order as given in evidence are the only papers and records relating to the road proceedings, so far as known, accounts for and excuses the nonproduction in evidence of the plat. While the statute (G. S. 1866, c. 13, § 37, as amended by Laws 1867, c. 30, § 4) required the plat to be recorded, yet it would seem from the admission of the parties referred to that it was not done in this case. It is apparent that the plat would be of no service in locating the road at the locus in quo, as it was there traveled on the section line. The road as laid simply followed the section line from the north to the south side of the town, and no plat was necessary to locate the road, as the survey indicates no variations from the section line. The failure of the town clerk to record the plat as a part of the order was not jurisdictional, and its nonproduction on the trial did not render the road order inadmissible in evidence.

The road order in this case, in connection with proof that the petition therein referred to was signed by the requisite number of

qualified petitioners, establishes prima facie a valid highway at the locus in quo (the question of damages for the taking of the land aside), for it recites, in the form of legal conclusions, all other jurisdictional facts.    Cassidy v. Smith, 13 Minn. 122 (129); Bruggerman v. True, 25 Minn. 123.

5. The last objection made by the plaintiff to the proceedings laying out this highway is that it is not shown that there was any assessment of damages.    The records received in evidence are silent as to the subject of damages, and, for the purposes of this case, it may be conceded that the damages were not assessed by the supervisors.    But it does not follow that the plaintiff can now raise that question.    This road was laid out on March 15, 1871, and in the same year was taken possession of and traveled by the public.    Two years thereafter, and on March 8, 1873, Laws 1873, c. 5, § 58, became and ever since has been a public law of this state, and is now section 1856, G. S. 1894.    It is in these words:

"The county commissioners in cases of county roads, and the town supervisors in cases of town roads, may assess and allow damages on application in cases where roads have been previously laid out, and no damages have been assessed or allowed, or release given, if they consider such assessment just and right: provided, however, that no damages shall be allowed or paid unless application for such damages shall have been made within three years from the date of the laying of such roads."

The plaintiff had, under this statute, a year in which to apply for his damages for the taking of his land for the road in question, if they had never been assessed.    If the party applying under this statute for damages is justly and rightfully entitled to them, it is not, as claimed by the plaintiff, a matter of discretion with the supervisors whether they will award him damages or not.    They must do so if the evidence presented to them satisfies them that an assessment is just and right.    This statute was not intended as a substitute for the assessment of damages for the taking of land for a public highway, required to be made and paid or secured before the road is opened.    It may be conceded that it would be insufficient for such purpose.    It is, however, a remedial statute, intended to provide the owner of the land, where the highway has already been laid out and opened, and is in use as such by the public, but, by

reason of some irregularity or omission, his damages have not been assessed or paid, with an opportunity to obtain compensation for the taking of his land for such public use. So construed, the statute is constitutional; and, if the landowner fails to avail himself of such opportunity within the time limited, he will be deemed to have waived all claims for compensation for such taking. State v. Messenger, 27 Minn. 119, 6 N. W. 457; State v. Bruggerman, 31 Minn. 493, 18 N. W. 454; Miller v. Town, 42 Minn. 391, 44 N. W. 127; Elliott, Roads & S. 206.

The plaintiff claims that this statute does not afford an impartial tribunal, within the rule stated in Langford v. County, 16 Minn. 333 (375). In that case the tribunal was composed of private citizens appointed by the legislature. They were not required to act under the sanction of an oath, and proceeded ex parte without notice. But, under the statute in question, the tribunal is a board of public officers, created under the general laws of the state, and acting under the obligation of an official oath. The two cases are clearly distinguishable. Bruggerman v. True, supra; State v. Messenger, supra.

It follows that it was immaterial, on the trial of this case, to prove or inquire whether the damages were ever assessed, or the plaintiff ever paid anything for the taking of his land for this highway, for, if he was not, he waived his damages by not applying for them within the time limited by the statute.

The undisputed evidence in this case established a public highway at the locus in quo, and the trial court correctly directed the jury to return a verdict for the defendants.

The order setting aside the verdict, and granting a new trial, must therefore be reversed, and the case remanded, with direction to the district court to enter judgment upon the verdict for the defendants. So ordered.