### WILLIAM ANDERSON v. SUPERVISORS OF TOWN OF SAN FRANCISCO.[1]

April 29, 1904.

Nos. 13,787—(45).

**New Highway—Notice.**

The petition for a new road under the provisions of section 1807, G. S. 1894, must be posted in three public places of the town, as required by statute, for the period of twenty days before any action is taken thereon by the town board of supervisors; and the notice of hearing provided for by section 1808 may be given by the board at any time within thirty days after the expiration of such twenty-day period.

**Errors.**

Certain assignments of error *held* to present no reversible error.

[1] Reported in 99 N. W. 420.

The petition of plaintiff and others to the defendant board of supervisors to establish a highway being refused, plaintiff appealed to the district court for Carver county. The matter was tried before Cadwell, J., and a jury, which rendered a verdict reversing the action of defendant board and declaring the proposed highway of public benefit. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*John Lind* and *A. Ueland,* for appellant.
*W. C. Odell,* for respondent.

BROWN, J.

The supervisors of the town of San Francisco, in Carver county, were duly petitioned by the requisite number of persons to lay out and establish a highway in said town. The petition was prepared and properly posted as required by statute on August 26, 1902, and the original filed with the town clerk of that town on the 30th of that month. On October 9, following, the board of supervisors caused notice to be given of hearing on the petition, which was duly posted as required by law. At the time of hearing thereon the supervisors made an order refusing the prayer of the petition, and declining to lay out the highway. From this order an appeal was taken to the district court, where, after trial before the court and a jury, a verdict was rendered reversing the action of the board of supervisors; and from an order denying a new trial this appeal was taken.

Several questions are presented by the assignments of error, only two of which, however, require special mention. It is claimed that the board of supervisors was without jurisdiction on October 9 to act upon the petition, for the reason that the time fixed by statute for giving notice of hearing thereon had expired. This question involves a construction of the statutes bearing on the subject. Section 1807, G. S. 1894, provides that, when any number of legal voters petition the board of supervisors to lay out a new road, they shall file their petition with the town clerk, and cause a copy thereof to be posted in three of the most public places of the town twenty days before any action is had in relation thereto. Section 1808 provides that, when the board of supervisors receives such a petition, they shall within thirty days make out a notice, and fix therein a time and place at which they will

meet and decide upon the application; and it further provides that this notice shall be served and posted as therein prescribed. The particular question presented in this case is, when does the thirty-day period, within which the supervisors are required to make out this notice, commence to run?

It is contended by appellant that it commences to run on the date of the filing of the petition with the town clerk, and, by respondent that the time does not commence to run until twenty days after the petition has been posted. We adopt respondent's theory of the statute, as the most consistent. Section 1807 expressly provides that the petition shall be posted "twenty days before any action is had in relation thereto," and, if this language means anything, it means that no action can be taken, by the issuance of notice by the supervisors or otherwise, until the petition has been posted the required length of time. In this case the notice of hearing was issued by the board of supervisors within thirty days from the expiration of the twenty-day period, and was within time. The evident purpose of the legislature in requiring the petition to be posted twenty days before proceedings were had thereon by the supervisors was to give all parties interested in the matter ample time and opportunity to make investigation into the merits of the proposed highway, and the propriety of laying it out; and, by a fair construction of the statutes, the board is precluded from acting upon the petition until it has been posted twenty days. Proceedings in the matter of laying out public highways have always been treated liberally by this court, and the statutes on the subject construed broadly, and with a purpose to facilitate the action of public authorities. To apply strict rules of jurisdiction would result in rendering invalid nearly all such proceedings, and be subversive of the best interests of the public.

Appellant sought to prove on the trial of the proceeding in the district court that the town had an outstanding indebtedness of $2,000, and the ruling of the court sustaining an objection to the evidence is assigned as error. We find no objection to this ruling. The offer to prove the indebtedness of the town was unaccompanied by any proof as to the probable expense of laying out the road, the assessed valuation of the taxable property in the town, or any evidence tending to show the financial inability of the town to lay out and open the highway. Clearly, in the absence of some showing of this sort, the mere fact that the town

was indebted in the sum of $2,000 cannot be said to be a valid reason for refusing to lay out the road. Standing alone, the evidence is of no force, and it was properly excluded.

Other assignments of error relate to the sufficiency of the proof of posting the petition, and the notice of hearing thereon, but an examination of the proof offered leads to the conclusion that the town board was fully warranted in finding that the petition and notice of hearing were properly posted and served. Hurst v. Town of Martinsburg, 80 Minn. 45, 82 N. W. 1099; Burkleo v. County of Washington, 38 Minn. 442, 38 N. W. 108.

The order appealed from is affirmed.