DOWNER, Administrator, Appellant, vs. SASSMAN, Respondent.

*April 21—May 10, 1904.*

*Agreement to support: Release: Settlement.*

Plaintiff paid defendant a certain sum in consideration of the latter's agreement to support him for the remainder of his life,. and under this agreement received such support for several years, but became dissatisfied and demanded the money back, which was refused. Defendant afterward offered to repay one: half of the money upon condition that he be fully released from all further liability. Plaintiff finally accepted such payment as. a full and final settlement. *Held*, that plaintiff could not recover the balance.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Appellant's decedent brought an action to recover the sum of $450 from respondent, alleging that he had loaned respondent the sum of $900 on or about June 8, 1896, and that. he had been paid the sum of $450 April 9, 1901; and prayed for judgment for the balance, with interest. He also alleged that he performed labor and services for respondent, at his request, throughout the years from the 8th of June, 1896, to April 9, 1901, of the reasonable value of $290, and that the

sum was due and owing him. Respondent denied the causes of action set out in the complaint, and alleged by way of additional defense that he had entered into an oral contract with appellant in June, 1896, whereby it was agreed that respondent should care for, board, lodge, and clothe the deceased for the remainder of his life, and provide him a proper and suitable burial at his death, and as a consideration therefor the deceased was to pay him the $900. The money sued for is part of the money so received. He also alleged that both parties had entered upon the performance of the agreement in June, 1896; that the deceased resided with him under this agreement until April 9, 1901; that he furnished deceased the care, board, lodging, and clothing as required by the agreement. Respondent alleges further that appellant's decedent wished to leave his home and live elsewhere after April 9, 1901; and that he and the deceased then made a settlement of all matters in difference between them, whereby it was mutually agreed that respondent was to pay appellant the sum of $450 in full of all claims, and that this sum was paid and accepted by the deceased upon that condition.

Upon this appeal all claim for a recovery under the second cause of action has been abandoned. Upon the trial it appeared from decedent's evidence that such an agreement had been made; that he became dissatisfied with the arrangement in April, 1901, and demanded that the $900 be repaid him, which respondent refused, but offered to pay him $450 in settlement of all difference and for a release from the contract for support and care. It also appears that this sum was accepted by appellant's decedent under the conditions imposed as a part of the settlement, and that it was an accord and satisfaction between them. Mutual receipts and acquittances were executed and delivered.

The court awarded judgment of nonsuit upon the testimony offered under the complaint. This is an appeal from the judgment.

For the appellant there was a brief by *Pierce & Lehr,* and oral argument by *J. E. Lehr.*

For the respondent the cause was submitted on the brief of *F. M. Wilcox,* attorney, and *Wilcox & Wilcox,* of counsel.

SIEBECKER, J. The exception to rulings refusing to permit the deceased to give testimony to explain and modify the written receipt becomes immaterial in the view which we find to be decisive of the case. It is true the deceased alleged in his complaint that he loaned respondent $900 in June, 1896, but respondent asserted that it was paid him in consideration of his agreeing to care for and support the deceased at respondent's home for the remainder of his life. The proof failed to support the complaint alleging that respondent received the money as a loan. It clearly appeared, upon cross-examination of the deceased, who testified as a witness in his own behalf, that he made the agreement as claimed by respondent. It also appears from this testimony that the deceased became dissatisfied with this arrangement in April, 1901, and then demanded repayment of the full amount, which was refused by respondent. After several interviews between the parties, respondent offered to repay the sum of $450 upon condition that he be fully released from all further liability. While these terms of settlement appear to have been unsatisfactory to the deceased, and he pressed his claim for a repayment of a larger sum, it is clearly shown that he finally accepted the payment under the condition that it be a full and final settlement of all matters in difference between them. Under this state of the complainant's evidence, respondent was entitled to a judgment of nonsuit.

*By the Court.*—Judgment affirmed.