WILLIAM ANDERSON v. TOWN OF SAN FRANCISCO.[1]

May 22, 1908.

Nos. 15,648—(59).

**Vacating Highway.**

 The respondent herein appealed to the district court from the order of the supervisors of the appellant vacating a highway. The jury found that the order should be in all things reversed. *Held*, that the evidence was sufficient to sustain the finding of the jury, and that the rulings of the trial judge as to the admission of evidence, and his charge to the jury, were free from reversible error.

Appeal to the district court for Carver county from an order of the board of supervisors of the town of San Francisco vacating a certain highway. The appeal was tried before Hallam, J., acting for the judge of the Eighth judicial district, and a jury which rendered a verdict in favor of respondent Anderson. From an order denying a motion to set aside the verdict or for a new trial, defendant appealed. Affirmed.

*F. J. Leonard*, for appellant.
*W. C. Odell*, for respondent.

START, C. J.

On October 12, 1905, the board of supervisors of the town of San Francisco, the appellant herein, made its order vacating a public highway of the town, and William Anderson, the respondent herein, appealed from the order to the district court of the county of Carver. A trial of the matter in the district court resulted in a verdict by the jury reversing in all things the order of the board, and the town appealed from an order denying its motion for a new trial.

1. The first contention of the appellant is that the verdict is not sustained by the evidence. The evidence shows that in the year 1902 the respondent, Anderson, and others, petitioned the town board to lay out the road in question; that at that time there existed a public highway running east and west on the north line of sections 7 and 8 of the town and one on the south side thereof, but none between the sections

[1] Reported in 116 N. W. 473.

connecting the two highways; that the respondent owned and resided upon land between the highways, with no access to either without crossing private property of other persons; that the road so petitioned for by the respondent connects the two highways running east and west; that the board refused to lay out the proposed highway, and the respondent appealed to the district court, and the action of the board was reversed, and the highway ordered to be laid out and established; that the town appealed from such decision to this court, and it was affirmed (Anderson v. Supervisors of Town of San Francisco, 92 Minn. 57, 99 N. W. 420), and the highway accordingly laid out; and, further, that there was no change in conditions between the laying out of the highway by the board pursuant to such action of the court and the vacation thereof by the board, except a cartway had been laid out from the road on the north to the northwest corner of the respondent's land. The evidence also tended to show the topography of the township, the location of all existing highways, schoolhouses, public buildings, and market places, the probable cost of opening the highway in question for public travel, and the necessity and public utility thereof. Some of the evidence was conflicting, but upon a consideration of the whole thereof we are of the opinion that it was sufficient to sustain the finding of the jury.

2. Error is assigned in the rulings of the trial judge as to the admission of evidence. The rulings complained of sustained respondent's objections to a number of questions propounded to a witness, all of which were to the effect whether certain persons and certain classes of persons would use the road or have occasion to pass over it. The rulings were correct, for the questions, in effect, called for the opinion of the witness whether such persons would or would not use the highway; that is, his opinion as to its utility. It would have been competent to have interrogated the witness as to the location of all existing highways of the town, and where the persons and classes referred to resided with reference to all such highways, including the one in question. The jury, with such evidence before it, could draw therefrom, quite as well as the witness, the conclusion whether such persons would have occasion to use the highway in question. For the same reason the trial court correctly sustained an objection to a question as to how many persons would be benefited by the road if it was opened. And

for a like reason it was technical error for the court to overrule appellant's objection to a question whether the opening of the road would afford facilities to the travelling public for crossing from one side of a creek, over which the road was laid, to the other side; but it was harmless error, for it conclusively appeared from the evidence, particularly from a map of the town, that such would be the case.

3. The appellant also urges that the trial judge erred in his instructions to the jury, and specifies the alleged errors. The charge of the jury, considered as a whole, was fair, and we find no reversible errors therein.

Order affirmed.