# J. A. BALDWIN v. BOARD OF SUPERVISORS OF TOWNSHIP OF ROSENDALE.[1]

### February 4, 1910.

### Nos. 16,414—(188).

**Highway — Construction of Statute.**

Statutory provisions for laying out public highways must be liberally construed.

**Same — Notice of Appeal From Order of Supervisors.**

A notice of appeal from an order laying or refusing to lay out a highway need not state or show by what right or in what capacity the appellant appeals, but on the trial of his appeal he must establish by competent evidence his right. Anderson v. County of Meeker, 46 Minn. 237, followed.

**Same — Adjournment of Hearing.**

The board of supervisors may, if for any reason it does not complete its hearing on a road petition on the day stated in the notice, adjourn the hearing from day to day, or for a reasonable time to a day certain, to enable it to complete the hearing and determine whether it will lay the road.

**Action of Board Void.**

In this case the supervisors met at the time and place stated in the notice to hear and determine a petition for laying a highway, viewed the route, and heard interested parties; but, without any determination of the matter or adjournment of the hearing, they separated, and three weeks thereafter met by agreement outside of their town, and there took up the matter of laying out the proposed road, and determined so to do. *Held,* that their order so laying the road was void.

J. A. Baldwin appealed to the district court for Watonwan county from an order of the board of supervisors of the township of Rosendale laying out a certain road. Clinton Ellsworth, Jeremiah Crowley and Peter A. Axten were permitted to intervene and contest the appeal, there being no appearance by the board of supervisors. The appeal was heard before Pfau, J., who made findings as stated in the opinion, and vacated the order of the supervisors. From an order

[1] Reported in 124 N. W. 641.

overruling the motion of the interveners for a new trial, they appealed. Affirmed.

*Seager & Seager,* for appellants.

*Hammond & Burns,* for respondent.

START, C. J.

The supervisors of the town of Rosendale, in the county of Watonwan, this state, on February 10, 1908, made an order purporting to lay out a public highway as therein described. The respondent herein appealed from the order to the district court of the county named. His notice of appeal stated that, "feeling himself aggrieved by the order," describing it, he appealed to the district court of the county of Watonwan, that the appeal was taken to reverse entirely the decision of the board, and stated the grounds of appeal in full. Other than this the notice did not show his right to appeal. There was no appearance by the supervisors in the district court, and the interveners herein, owners of land along the proposed highway, were by order of the court permitted to appear and contest the appeal. Upon the trial, which was by the court without a jury, it appeared that the respondent had no interest in any land over or along or to which the proposed highway would pass and therefore was not an aggrieved party; but it did appear that he was, when the appeal was taken and at all times the proceedings were pending, a taxpayer and voter of the county. The court denied the interveners' motion to dismiss the appeal from the order of the supervisors.

The facts found by the court were substantially these: On January 21, 1908, the supervisors duly met at the time and place stated in the notice for hearing, which was duly given, for the purpose of determining the question of laying out the proposed highway, examined the route, and heard interested parties, but, without coming to any determination as to whether they would or would not lay out the road as prayed for, separated without definite adjournment to any other place or time for the consideration of said matter. On the tenth day of February next following, by agreement among themselves, they met at the courthouse in the city of St. James and took up the matter of laying out the proposed road, and they then and

there determined to lay out the road as prayed for in the petition, and made and filed an order purporting to lay out the highway. This meeting of the supervisors was without notice to any of the parties interested in the matter, and was held without previous adjournment from the regular meeting of the board.

As a conclusion of law from these facts the court found that the supervisors were without jurisdiction to lay out the highway at the time they attempted so to do, and that their order was void, and that it be vacated. The interveners appealed from an order denying their motion for a new trial.

The record presents two questions: Did the trial court err in not dismissing the appeal from the order of the supervisors? If not, do the facts found support the court's conclusions of law?

1. The right to appeal in cases of this kind is given by the statute (section 1187, R. L. 1905), to any person aggrieved, or to any taxpayer or voter of the county through which the proposed highway or any part of it passes, by filing the required bond and by service of a notice of appeal as provided in section 1188. The sole requisites of a valid notice of appeal, as stated in the last section referred to, are that it shall state briefly the grounds of appeal, that is, whether it relates to the damages, or to the establishing, altering, or discontinuing a road, or to the refusal so to do, and whether it is taken to reverse entirely the decision of the board, or some portion thereof, and, if the latter, what portion, and, further, that it shall be signed by the party appealing or his attorney. These statutory requisites of the notice of appeal are so specific and clear as to leave no room for any implication of any other; hence the notice of appeal need not state or show by what right or in what capacity the appellant appeals. Anderson v. County of Meeker, 46 Minn. 237, 48 N. W. 1022.

In the case cited Anderson appealed to the district court from an order of the board of county commissioners laying out a public ditch pursuant to chapter 97, Laws 1887. Section 11 of the act (page 152) gave the right of appeal from such order to any person aggrieved thereby. In his notice of appeal the appellant, in that case, simply stated that he appealed from the order, without stating that he was

aggrieved or felt aggrieved by the order. His appeal was dismissed in the district court for this reason, with others; but on appeal to this court the notice was held good, and, further, that the appellant must be a person who was in fact aggrieved by the order from which he appealed, but that the statute did not require a statement to that effect in the notice of the appeal. "Asserting himself to be aggrieved by the final order or judgment in the notice of appeal, or in some other manner, would be wholly insufficient, for his rights in district court are evidently controlled by the testimony. The evidence must show such action upon the part of the county commissioners, with reference to appellant, as authorized him to call in question the propriety of their order or judgment locating or establishing the ditch in controversy. It is a matter of proof, not of assertion, or of imagination."

The notice of appeal here in question complied with all of the requirements of the statute. The statement therein as to how the appellant felt about the order appealed from was mere surplusage, which in no manner affects the validity of the notice.

We hold that the notice was legal, and that the trial court did not err in refusing to dismiss the appeal. In reaching this conclusion we have not overlooked the case of Hurst v. Town of Martinsburg, 80 Minn. 40, 82 N. W. 1099, cited by the interveners. The court in that case, after referring to the rule that one who was not in fact aggrieved by reason of having an interest in land over or along or to which a proposed highway would run could not appeal from an order establishing it, said: "This rule may have been changed by Laws 1897, c. 199, § 14, so that a taxpayer or legal voter may now appeal from the determination of the county commissioners or town supervisors; but plaintiff did not appeal in such capacity, and cannot now be permitted to shift his position." There was no question in that case as to the validity of the notice of appeal, nor as to the fact that the appellant was an aggrieved party and prosecuted his appeal as such. The quoted words of the opinion were used with reference to the question whether the appellant, having appeared in the proceedings to lay the road, could be heard to object

that the notice to other landowners was not sufficient. Obviously the case cited is not here in point.

2. A solution of the question whether the facts found by the trial court sustain its conclusion of law depends upon the construction of section 1173, R. L. 1905, which provides that the board of supervisors shall meet at the time and place designated in the notice of hearing upon the road petition and hear and determine whether it will grant or refuse the petition. Statutory provisions for the laying out of public highways must be liberally construed. Anderson v. Supervisors of Town of San Francisco, 92 Minn. 57, 99 N. W. 420. So construing this section 1173, we hold that the board must meet at the time and place stated in the notice of hearing, and proceed to a hearing and determination of the petition; but if for any reason the board does not complete its hearing on the day of its meeting, they may adjourn the hearing from day to day, or for a reasonable time to a day certain, to enable it to complete the hearing and determine whether it will lay the road. It is true this section provides that the board shall meet, hear, and determine the petition at the time and place designated in the notice, and that it is silent as to adjournments of the hearing; but there is no prohibition of them. The statute gives to the board power and imposes upon it the duty to hear and determine the petition. This carries with it, by necessary implication, all that is reasonably essential to the proper execution of the power and the discharge of the duty; hence, if it becomes necessary, it may adjourn the hearing and determination for a reasonable time. Elliott, Roads & Streets, § 325.

There was, however, in this case no adjournment, regular or irregular, of the hearing and determination of the petition; but the members of the board simply separated, and some three weeks thereafter met by agreement between themselves at a place outside of the town, and took up the matter of laying out the proposed road, and determined so to do. Such action on the part of the board was not merely an irregularity in an authorized procedure, but a radical departure from the mandate of the statute.

We are of the opinion that the facts found by the trial court justify the conclusion of law that the order of the board of super-

visors, whereby it attempted to lay out the highway in question, is void for the reason that it, by its action, lost jurisdiction to lay the road.

Order affirmed.