## STATE EX REL. JOHN MASS v. P. W. MORRISON.[1]

### May 5, 1916.

### Nos. 19,669—(12).

**Highway — jurisdiction of court.**

1. In this proceeding to lay out a road under judicial supervision it is *held* that relator, an affected landowner, did not submit to the jurisdiction of the court either by a general appearance or by taking part in the hearings before the appointed commissioners.

**Same — discrepancy in notice did not mislead.**

2. The notice that the petition for the road would be presented to the respondent was duly served, posted and published, but a discrepancy occurred in the notice in that it stated the time of the presentation to be at a special term of court appointed to be held on August 24, 1915, whereas the appointed date of the special term was August 31 in that year. It is *held* that, since relator does not appear to have been misled by the discrepancy in the notice, the court properly overruled the objection to its jurisdiction.

Upon the relation of John Mass this court issued its writ of *certiorari* to review the proceedings of the district court for the Eighth Judicial

1Reported in 157 N. W. 706.

district, Morrison, J., in a proceeding to lay out a judicial road extending into the counties of Carver and Hennepin. Writ quashed.

*Francis Muekel,* for relator.

*Harold A. Welch,* for respondent.

HOLT, J.

*Certiorari* to review an order establishing a road extending into the counties of Carver and Hennepin.

There was published, posted and served a notice as provided by law that the petition for the road would be presented "to Honorable P. W. Morrison, Judge of the District County for the Eighth Judicial District, State of Minnesota, at the special term of the court appointed to be held in the village of Henderson, Sibley county, Minnesota, at the court house on the 24th of August, 1915, at the opening of said court on said day or as soon thereafter as counsel can be heard." The record shows that the petition, with proof of service, of postings and of publication of the notice, was filed with the clerk of the district court of Carver county on August 13, 1915. On August 24 relator with his counsel came to the court house at Henderson for the purpose of objecting to the petition. The attorney for the petitioners was also present, but Judge Morrison was not there. It was not a special term day. By telephone Judge Morrison directed the attorney of petitioners to notify the parties that the petition could be presented at the special term of court to be held on August 27, at Shakopee, Minnesota, and to request the clerk of court of Sibley county to forward to Shakopee the petition and proof of service of notice attached, which the clerk of court of Carver county had mailed to Judge Morrison in care of said clerk of Sibley county, and which was then in his possession unopened. This was done. At the appointed time in Shakopee relator and his counsel came before the court upon a special appearance, objecting to the jurisdiction of the court to proceed, on the ground that the petition was not presented to the judge on the twenty-fourth of August. The petitioners' counsel not being present the court, without ruling upon the objection, continued the matter until the special term appointed to be held at Henderson August 31. At the time last stated the relator and his attorney again appeared specially, renewing the objection to the jurisdiction. The objection was overruled

and commissioners were appointed to consider the advisability of laying out the road, perform the duties required by law, and report to the court at the opening of October general term of court in Carver county. The commissioners performed their work properly and filed their report. When the same came up for confirmation, relator again by his attorney made a special appearance urging the same jurisdictional objection. It was overruled. The report discloses that the commissioners duly met and qualified pursuant to the order of court; that the attorney for relator "appeared and said he represented certain landowners who objected to the road, and he interviewed us [the commissioners] with reference to laying out said road;" that a written notice was caused to be given every landowner affected that at a certain time and place the commissioners would meet to consider and determine the award of damages; that pursuant to such notice there was a meeting and a hearing was given the landowners present (it is not stated that relator was personally present) ; and that as to relator the injury to his lands being considered unusual he was awarded large damages.

The court ordered the road established comformable to the report of the commissioners.

If the court obtained jurisdiction to appoint commissioners, the subsequent proceedings cannot be assailed upon this record. Relator is met with the proposition that jurisdiction was conferred both by a general appearance before the court and by taking part in the hearings before the commissioners. We cannot find a general appearance, for the record indicates that relator's every appearance before the court was strictly special to challenge jurisdiction. That one of the objections urged may have been the insufficiency of the description of the road in the petition cannot work a general appearance. It is true that the order establishing the road recites that Francis Muekel (the attorney who has always appeared for relator) appeared for the objectors on the day the commissioners met and conferred with them with reference to the road, and that they conferred with the landowners affected by the road, but the transcript of the stenographer's notes annexed to the return of respondent affirmatively shows that no proof was offered upon the matter other than the recitals in the report itself, as hereinbefore set out, and we cannot hold such recitals sufficient proof that relator either in person

or by attorney took such part in the proceedings before the commissioners that jurisdiction was thereby conferred.

The proceeding to lay out a highway is an exercise of the right of eminent domain, and must show a substantial compliance with statutory requirements. However, jurisdiction once attaching, subsequent irregularities do not, as a rule, invalidate unless prejudice has resulted to the party complaining. The road here in question was one to be established "under the judicial authority, control, and supervision of the district court." State v. Macdonald, 26 Minn. 445, 4 N. W. 1107. That being so, the judge upon being presented with the petition was required to pass upon the question of jurisdiction. The court acquires jurisdiction to proceed when a petition for the road, conforming to the provisions of sections 2511 and 2512, G. S. 1913, is presented to the judge named in the notice. The petition in the instant case is proper. Notice of its presentation was given and proof filed as required by the last named section. The petition was at the designated place on August 24, 1915, ready for presentation, but the judge was not there. However, he was advised of the fact and took action by directing the parties interested to appear at another time and place. Relator came to that place at the appointed time. He, with his attorney, came before the court at every subsequent time when the matter was up for hearing. No irregularity has prevented relator from being heard, or from having ample notice of every step taken.

The eighth judicial district wherein this road proceeding was instituted is composed of several counties and but one judge. It may happen that he cannot be at a certain place at a designated time because a prior official engagement at another place in his district has not been concluded. In such a situation we think the court, in a proceeding of this sort, possesses the power he in this instance exercised, namely, to direct that the matter be continued or presented at another time and place. It is true that here we can only infer the cause of the absence of the judge, but at any rate he was cognizant of the attempt to present to him a proper petition at the appointed place and time, now assuming the date rather than the term specified in the notice to govern, and directed the parties there attending where and when he would hear them. Relator acted upon this direction and was heard upon his objections. Under this

view of the time specified in the notice for presentation, we are inclined to hold that the court rightly overruled the objection to jurisdiction. Town of Tyrone v. Burns, 102 Minn. 318, 113 N. W. 695. It is difficult to imagine any prejudice that could come to relator from the fact that Judge Morrison was not present in person at Henderson on August 24. The law under which this proceeding was had fully safeguards the interests of the landowner affected. He has a right to be heard upon the appointment of commissioners (State v. Macdonald, supra); he can appear before the commissioners and urge every valid ground he has against the appropriation of his land and against the advisability of laying out the road, and may be heard fully upon the *quantum* of damages; he can again present his objections to the court when the commissioners' report comes up for confirmation; and, if dissatisfied with the damages, he may have the same reassessed by a jury upon a demand made within 30 days from the date of the order of confirmation.

But there is another view that Judge Morrison might well take in overruling the objection to his assuming jurisdiction when the petition came before him on the special term August 31 at Henderson. We may take judicial notice of the fact that where several counties compose a judicial district, having but one judge, special terms are appointed to be held in the different counties upon a day certain in designated months by an order of court filed and posted under the provision of section 161, G. S. 1913. It is evident from the record that in Sibley county the special term for the month of August was so fixed for the last Tuesday thereof, which in 1915 happened to be the thirty-first and not the twenty-fourth as mistakenly stated in the notice. Did the discrepancy vitiate the notice as to relator? It is perceived from the wording of the notice that the time of presentation of the petition was intended to be at the appointed special term day. The relator was not so misled that the opportunity to fully assert his rights was in any measure lost to him, for he was present with his attorney on such special term day as well as on the twenty-fourth. The preceding irregularity, if we so regard the continuance to the special term at Shakopee, did not mislead relator for he came there also. We therefore believe that in view of the situation Judge Morrison in assuming jurisdiction and appointing commissioners on the thirty-first of August could well do so on the ground

that the notice should be considered as stating the presentment of the petition to be for the special term, and the erroneous date for the term disregarded, since the relator had not in fact been prejudiced or misled by the discrepancy. The principle announced in Anderson v. Supervisors of Town of San Francisco, 92 Minn. 57, 99 N. W. 420, may well be applied to sustain the trial court here, viz: "Proceedings in the matter of laying out public highways have always been treated liberally by this court, and the statutes on the subject construed broadly, and with a purpose to facilitate the action of public authorities. To apply strict rules of jurisdiction would result in rendering invalid nearly all such proceedings, and be subversive of the best interests of the public."

The writ is quashed and the order establishing the road is affirmed.