# EDWARD P. GOERNDT v. TOWN OF SCANDIA VALLEY.[1]

January 7, 1921.

No. 22,048.

**Highway—vacating road along meandered lake.**

1. Section 2520, G. S. 1913, authorizes the county board to alter or vacate a town road along the shore of a meandered lake, but does not take from the town board authority to establish or alter such a highway.

**Same — order establishing highway on town line valid.**

2. An order made by a town board establishing a highway upon a town line where there was an existing highway, is not invalid as to the locus in quo within its township.

**Same — signature of order after meeting of town board.**

3. A town board met, considered and determined to grant the prayer of a road petition, and then separated without a formal adjournment. The order was not signed until four days thereafter. The delay in signing the order did not invalidate the proceeding.

From an order of the town board of Scandia Valley establishing a public road in that town, Edward P. Goerndt appealed to the district court for Morrison county. The appeal was heard by Roeser, J., who made findings and affirmed the action of the board. From the judgment entered pursuant to the order for judgment, Goerndt appealed. Affirmed.

*D. M. Cameron,* for appellant.

*C. Rosenmeier,* for respondent.

*Clapp & Macartney,* for petitioners.

QUINN, J.

For many years prior to 1918, there was a town road upon and along the south line of section 24, in the respondent township, except that it veered around the north shore of Bernhart lake for a dis

[1]Reported in 180 N. W. 914.

tance of about 80 rods. Early in that year a number of freeholders in the township became interested in having this road made a part of the state system of highways. They consulted representatives of the state highway commission, but met with the objection that the bed of the road was too sandy to stand up well. A public meeting was called. The matter of a change in the route of the road was openly discussed. Miss Lee, a freeholder in the town, offered to open, grade and build the new road without cost to the town, in case the proposed change was made. The consensus of opinion was in favor of an alteration of the road.

On June 17, 1917, a petition properly signed was filed in the office of the town clerk, asking for a change in the course of the road, so that, instead of passing along the south line of section 24, it would be as follows: Beginning at the southwest corner of section 24, extending thence north on the section line 80 rods, thence due east one mile to the northeast corner of lot 2 of said section, thence south on the section line 80 rods, terminating at the southeast corner of the section.

The proposed route was over level ground, with good soil and drainage for grading and sufficient gravel for surfacing. Bernhart lake is, according to government survey, a meandered body of water. It has partially dried up, is shallow, weedy and no longer of benefit to the public for boating or fishing, but occasionally affords some hunting. There was at the time of the hearing a well established and traveled highway four rods wide, kept in repair by the respondent, upon the town line on the east of section 24.

Upon the filing of such petition the town board, pursuant to posted notices, met and after a full hearing on June 28, 1918, accepted the petition and accordingly ordered said road to be altered in accordance therewith. An order was thereupon prepared, dated on that day, but was not signed by the chairman of the board until July 2, 1918. The board obtained a release of damages from all the owners of land through which the road as altered passed, and no other or further claims were ever presented or awarded. The road as laid was opened, the new part thereof graded and surfaced as promised by

Miss Lee, without cost to the town, so as to make the same conform to the specifications for state highways and acceptable to the state highway commission.

At the time of the hearing the appellant was a resident and tax-payer of the township, but did not own any land along the route of the road either before or after its alteration. Within the time allowed by law, appellant, feeling aggrieved by the action of the board, appealed to the district court. Shortly after perfecting the appeal he sold his property, with the exception of a contract for deed of 80 acres, and moved to the state of South Dakota, where he has since resided. There is no settled case or bill of exceptions and the foregoing facts are gathered from the findings of the trial court.

The trial court made and filed findings and conclusions affirming in all respects the determination and order of the town board. Judgment was entered thereon, from which this appeal was taken.

It is urged by appellant: (1) That under the provisions of section 2520, G. S. 1913, the county board has exclusive jurisdiction in such highway proceedings, and that the findings upon their face authorize the alteration of the road in question only by the county board, and that the town board was without authority to act in the premises; (2) that a town board has no authority under the statute to establish or alter any town road which passes along the shore of a meandered lake; (3) that the town board lost jurisdiction by separating without adjourning to a certain time, before signing the order altering the road.

We are unable to concur in the foregoing contentions. Section 33, chapter, 235, p. 307, Laws 1913 (section 2520, G. S. 1913), provides that, whenever 24 freeholders of any county petition a county board for the establishment, alteration or vacation of any road or of any roads which connect with each other running into more than one town, or partly in one or more towns and partly on the line between two or more towns, in such county, or along the shore of any lake wholly or partly in such county, etc. and file the same with the auditor, he shall forthwith lay the same before the board, if in session, and if not, at the first session thereafter. Sections 34, 35, 36,

and 37, prescribe the procedure then to be followed by the board in acting upon such petition. Section 43 of the same chapter (section 2530, G. S. 1913), provides that any town board may alter or vacate a town road or establish a new road in its town upon petition therefor, etc. It requires no extended argument to demonstrate that the former section takes no power from the town board with reference to its authority to alter town roads which happen to pass along the shore of a lake. It merely gives to the county board authority to act in such cases when a proper petition is presented. We hold that under chapter 235 the town board has authority to alter a town road, even though it traverses the shore of a meandered lake.

There was and for over 20 years had been a well traveled highway four rods wide kept in repair by the respondent upon the town line on the east of section 24. The order of the town board upon its face establishes the proposed highway for a distance of 80 rods along the town line within the locus of the old highway. Appellant contends that this fact invalidates the entire act of the board. We do not agree with this contention. While the order is not effective as to that portion of the road outside of the township for which the board was acting, we see no valid reason why it might not be effective within such township. It in no way interfered with the rights of the adjoining town, nor is it complaining. The order establishing the highway in this manner could not, of itself, prejudice the rights of any taxpayer in the respondent town.

At the close of the hearing on June 28, the members of the town board separated without adjourning and before the order altering the road in question was signed by the chairman. The order was not yet prepared. Four days later the chairman signed the order. Appellant contends that as a result thereof the board lost jurisdiction and the order so made was void and of no effect. It necessarily required considerable time, under the circumstances existing in this particular case, in which to prepare such an order, and we think the delay in signing was not such as to affect the validity of the proceeding. It is not questioned but that the order was in accord with the determination of the board in the premises. The statutory provisions relative to the

establishing or vacating of public highways are and should be construed liberally. Anderson v. Supervisors of Town of San Francisco, 92 Minn. 57, 99 N. W. 420; Baldwin v. Board of Supervisors of Township of Rosedale, 110 Minn. 87, 124 N. W. 641; State v. Morrison, 132 Minn. 454, 157 N. W. 706.

We are at somewhat of a loss to understand just how a taxpayer of the town could be aggrieved at the alteration of the highway in this case, unless it be one of those who filed releases of damages, and they seemed to be content. We see no reason why the order appealed from should not be upheld.

Affirmed.