PERRY JACOBS AND ANOTHER v. RIVERDALE TOWNSHIP.

196 N. W. 2d 295.

March 24, 1972—No. 43198.

**Towns—claimed trespass by town for road construction—consent by landowner.**

*Emmett F. Tighe,* for appellants.
*David R. Teigum,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, and Peterson, JJ.

PER CURIAM.

This appeal arises out of a proceeding brought by the Riverdale Town Board to improve a town road which resulted in taking 1⅙ acres of plaintiff's land. In an action brought by plaintiff for compensation, the jury rendered a verdict for defendant. Plaintiff appeals and we affirm.

In his complaint, plaintiff alleges that in 1967, without condemnation proceedings, the town appropriated a part of his farm for road purposes. He alleges that in the process, fences were damaged, drainage

was disrupted, and he suffered other inconvenience for which he sought damages in the sum of $1,500. The action was tried as one for trespass.

In its charge to the jury, the trial court stated that there was nothing to prevent a landowner from making a gift of his property to the township for road purposes and that this is what the township claimed had happened. The court further instructed the jury that if plaintiff, with full knowledge of what the town proposed, had consented to his land's being taken for highway purposes, he would not be entitled to compensation. Plaintiff objected to the charge and asked that only the question of damages be submitted.

We believe the evidence is adequate to support a finding of consent. One of the members of the town board testified that at a town meeting attended by plaintiff the following transpired:

"A.  * * * Our township board wasn't financially in shape to do anything for quite a while so this spring they brought up the question of this road and it was decided that we would build five miles—get it over with all at once. It was voted in and we discussed it. The thing that we didn't have was money to buy land, and we couldn't afford to hire people to be taking fences up and it was a benefit to people along the road there so we decided each farmer should take his own fence up. We discussed it several times about this extra rod for back slope and there was no objection raised at all about it.

"Q.  And did Mr. Jacobs attend that meeting?

"A.  He was there.

"Q.  And he voiced no objection at that time? ·

"A.  No.

*  *  *  *  *

"Q.  Was the matter of building of this road put up to a vote?

"A.  Yes.

"Q.  Do you recall what the vote was?

"A.  It was unanimous."

Plaintiff himself testified as follows:

"Q.  I asked if there was—if you recall any discussion at this town board meeting about the town board making any payment to any of the landowners along the road?

"A.  I think there was something mentioned about they weren't going to make payments."

Plaintiff makes no claim that he objected to these proceedings or made any demand for compensation prior to the completion of the

work. Nor did he invoke the court's jurisdiction to require condemnation proceedings. We conclude therefore that where, as here, the action is one for trespass, the jury could find from the undisputed testimony that plaintiff thoroughly understood the proposal contemplated no compensation to landowners. Under such circumstances, we are of the opinion that he had a duty either to protest and demand compensation before the work was undertaken or by his silence be deemed to have consented. Accordingly, we affirm.

Affirmed.