**UNITED STATES of America, Plaintiff,**

v.

**SPRING CREEK TOWNSHIP, Defendant.**

**Civ. No. 6–77–270.**

United States District Court, D. Minnesota, Sixth Division.

June 27, 1978.

Andrew W. Danielson, U. S. Atty., Stephen G. Palmer, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

R. W. Irvine, Irvine, Ramstad, Quam & Briggs, Detroit Lakes, Minn., for defendant.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

This quiet title action concerns the validity of a 1912 township order that purported to establish a town road, the existence of which is at issue here. Plaintiff United States, which recently purchased land through which the town road passes, claims the road was never validly established under Minnesota law. Defendant township, of course, disputes this assertion. Both parties have moved for summary disposition of the issue and these motions are viewed as motions for summary judgment.

The facts are basically undisputed and, for purposes of this motion, the plaintiff's version of the facts will be adopted. The road in question is located in Becker County, Minnesota, and allegedly was established at a town meeting held on June 11, 1912, when the Spring Creek Town Board adopted an order that is evidenced by the following minutes:

> Petition which was filed with the clerk on May 29 and signed by Math Heine and others for the opening of a township road on the Sec. line beginning at the S.E. corner of Sec. 25 & N.E. corner of 36, running due west & terminating at the S.W. corner of Sec. 30 & N.W. corner of Sec. 31, was read and accepted. No one appearing in opposition thereto the road was declared opened as a township road, according to law.

These minutes are the only evidence of the proceedings that allegedly created the town road. Since 1912 the road has been in use, although the extent of that use is disputed by the parties and is irrelevant for purposes of this motion. On March 23, 1970 a tract of land through which the road passes was purchased by the United States Fish and Wildlife Service for use as a waterfowl production area. The federal government contends that the purchased tract includes the area now claimed to be a town road, since the road was not established in accordance with the statutory procedures in existence in 1912.

The statutory procedures for establishing a town road in 1912 required the following: the filing of a petition with the town board by at least eight voters occupying land within three miles of the proposed road; a hearing within 30 days of receipt of the petition, with personal service given to interested parties at least ten days before the hearing; public notice of the hearing; the assessment and award of damages, if any, to affected landowners; and filing of the damage award with the county auditor. Rev.Minn.Laws §§ 1171–75 (1905).

The minutes of the 1912 town board meeting indicate a petition was filed but do not state whether the required number of voters signed the petition; the minutes indicate the hearing was held within 30 days but do not specify that the requisite notice was given; the minutes say nothing of the assessment and award of damages and the defendant admits a damage award was never filed with the county auditor. However, the minutes give no indication that the statutory procedures were *not* followed; indeed, the minutes specifically state that the order of the town board was made "according to law." Thus, except for the filing of the damages award, which defendant admits was not done, the minutes are neutral as to compliance with most of the other statutory requirements.

The Minnesota Supreme Court in the last 100 years has decided numerous cases concerning the validity of procedures followed by townships in establishing town roads. As a result several legal principles have emerged to guide this court in the present case. Underlying each of these

principles is a basic assumption that actions by townships in creating town roads should be upheld if at all possible. As the Minnesota Supreme Court stated in *Anderson v. Supervisors of Town of San Francisco*, 92 Minn. 57, 99 N.W. 420, 421 (1904):

> Proceedings in the matter of laying out public highways have always been treated liberally by this court, and the statutes on the subject construed broadly, and with a purpose to facilitate the action of public authorities. To apply strict rules of jurisdiction would result in rendering invalid nearly all such proceedings, and be subversive to the best interests of the public.

*Accord, Freeman v. Pine City Township*, 205 Minn. 309, 286 N.W. 299 (1939); *Goerndt v. Town of Scandia Valley*, 148 Minn. 25, 180 N.W. 914 (1921); *Baldwin v. Board of Supervisors*, 110 Minn. 87, 124 N.W. 641 (1910). This underlying philosophy is especially pertinent in the present case, where the federal government is challenging a township proceeding that occurred 66 years ago and that has never before been questioned. No witnesses are available to testify as to whether the statutory procedures were followed and plaintiff also admits it has no evidence, beyond the minutes, to prove the procedures were improper. With this underlying philosophy expressed by the Minnesota Supreme Court in mind, the various applicable principles enunciated by that court will be examined.

 The first applicable principle is that town officials are presumed to have acted properly and complied with all statutory procedures. This principle was expressed well in *Ingelson v. Olson*, 199 Minn. 422, 272 N.W. 270, 275 (1937):

> Public bodies and officers are presumed to do their duty and act within the limits of their power and this presumption operates to sustain the legality of their acts until the contrary is shown. . . . Acts done by a public officer which presuppose the existence of other acts to make them legally operative, are presumptive proofs of the latter.

*Accord, Skrove v. Town Board*, 154 Minn. 118, 191 N.W. 584 (1922). Thus, the fact that the town board in 1912 established a town road is presumptive proof that it established the road in accordance with then prevailing statutory requirements. Moreover, this presumption becomes more difficult to overcome with the passage of time. 4 E. McQuillin, *The Law of Municipal Corporations* § 13.37d (rev. 3d ed. 1968). Consequently, except for the requirement that the damage award be filed with the county auditor, this court must assume that the road was established in accordance with the law.

 The second principle is that a party cannot attack the validity of a proceeding that established a town road unless he can prove that he was prejudiced as a result of the alleged procedural defects. *See State v. Morrison*, 132 Minn. 454, 157 N.W. 706, 707 (1916) ("jurisdiction once attaching, subsequent irregularities do not, as a rule, invalidate unless prejudice has resulted to the party complaining."). The alleged procedural defects in the present case, including the failure to file the damage award, occurred 58 years before the federal government purchased the surrounding property; obviously they cannot be said to have prejudiced the government. This view is fortified by an analogous recent Minnesota case, where the court held that silence by a landowner to the construction of a town road is deemed to constitute consent to the road. *Jacobs v. Riverdale Township*, 293 Minn. 390, 196 N.W.2d 295 (1972). Presumably the federal government's predecessor in title in 1912 knew of the construction of the town road; therefore, the government cannot now claim to be prejudiced because of possible prejudice to its predecessor in title.

 A final relevant principle enunciated by the Minnesota Supreme Court is that the validity of an order creating a town road cannot be attacked in a collateral proceeding, except that "jurisdictional" facts can be attacked. Thus, in a collateral proceeding such as the present one, the validity of the 1912 action can only be at-

tacked by the federal government on grounds that the town board had no jurisdiction to establish the town road. *See Banse v. Town of Clark*, 69 Minn. 53, 71 N.W. 819 (1897); *Bruggerman v. True*, 25 Minn. 123 (1878).

 Minnesota case law has identified two prerequisites necessary to bestow jurisdiction upon a town board to create a town road: a petition from the necessary number of voters requesting such a road, see *Banse v. Town of Clark, supra*, and notice of the proceedings to all persons entitled to notice, see *Thompson v. Town of Berlin*, 87 Minn. 7, 91 N.W. 25 (1902). The court also has made clear that these jurisdictional facts need not be recorded by the town board, see *Banse v. Town of Clark, supra*, and that a general recital that the jurisdictional requirements have been met is presumptive proof thereof, see *Thompson v. Town of Berlin* and *Bruggerman v. True, supra*. In the present case the minutes of the 1912 meeting state that a petition was received and that the order was made "according to law," which, in light of the presumption of regularity discussed earlier, is sufficient without countervailing facts to establish that the town board had the necessary jurisdiction. Therefore, any subsequent irregularities, such as failure to file the damage award, cannot be attacked in this collateral proceeding.

The above principles, probably individually and undoubtedly collectively, leave this court little choice but to uphold the validity of the 1912 order by Spring Creek Township establishing the town road at issue. Besides being required under Minnesota law this result also is the only rational one when analyzing a decision made by an informally structured town board nearly 70 years ago.

Defendant's motion for summary judgment is GRANTED.