Julius Austrian & another *vs.* William F. Davidson, impleaded, etc.

Nov. 14, 1874.

Construction of Deed—Description of Premises—Course of a line beginning at Street and running therefrom, presumed to be at a right angle with such street.—A deed contained the following description of the premises purporting to be conveyed: "All the following described piece or parcel of land, situate, lying, and being in the county of Ramsey and Territory of Minnesota, and known and designated as follows, viz: Lot number fourteen (14,) in block number twelve (12,) fronting on Jackson street, commencing at a stake fifty feet (50) from the corner of Jackson and Fifth streets, being fifty feet (50) front and rear, and one hundred and ten feet deep, more or less." The plat of St. Paul was introduced as evidence, upon which block 12, with its lots and adjacent streets, and the length and depth of lots 13 and 14, are represented as upon the following sketch:

It appeared that there was no other Jackson street in Ramsey county, except Jackson street, St. Paul. It further appeared that, at the date of the deed, the grantor was owner in fee of the whole of lots 13 and 14. *Held*, that it was intended by the deed to convey the middle third of lots 13 and 14, as the same is represented by the dotted lines on the foregoing sketch.

Action under the statute (Gen. Stat. ch. 75, § 1,) to determine the adverse claim of the defendants to certain real property in possession of the plaintiffs, and described in the opinion. The defendant Davidson alone answered the complaint, and a trial was had in the court of common pleas for Ramsey county, before *Hall*, J., resulting in a judgment for the plaintiffs, from which the defendant Davidson appeals. Both parties claim through one Randall as their common source of title; the plaintiffs, by a deed from Randall to one Colby, which is set forth in the opinion, and by sundry mesne conveyances; the defendants, by a deed from Randall and wife to one W. H. Randall, made June 24, 1856, conveying all their right, title and interest in and to Lots 13 and 14 in Block 12 in St. Paul, (in which the premises in question are included,) and by sundry mesne conveyances.

*Lorenzo Allis*, for appellant.

*Davis & O'Brien*, for respondents.

BERRY, J. The deed from Randall to Colby, (a link in plaintiffs' chain of title,) purports to convey "All the following described piece or parcel of land, situate, lying and being in the county of Ramsey and Territory of Minnesota, and known and designated as follows, viz: Lot number fourteen (14,) in Block number twelve (12,) fronting on Jackson street, commencing at a stake fifty (50) feet from the corner of Jackson and Fifth streets, being fifty feet (50) front and rear, and one hundred and ten feet deep, more or less."

As for aught that appears upon the face of the deed, there may be a parcel of land precisely answering this description, the deed does not present a case of patent ambiguity. 1 Greenl. Ev. § 297 ; 1 Sugden, V. & P. [169]. But for the purpose of identifying the premises described, the plaintiff introduced in evidence the record of the plat of St. Paul, and certain parol testimony, tending to show that Jackson street, St. Paul, was the only street of that name in Ramsey county.

The following sketch represents Block 12, with its lots and adjacent streets, as shown by the plat:

When we attempt to apply the description in the deed to the plat, it is at once apparent that its different parts cannot be reconciled; that the designation, "Lot number fourteen," is inconsistent with the more particular description which follows. It is quite clear that it was not the intention to convey lot 14, but some parcel of land with a front of fifty feet on Jackson street, the front commencing at a point fifty feet from the corner of Fifth and Jackson streets. The case is, then, one of repugnant calls, in which the call for lot number fourteen, as it clearly appears by the other calls to have been made through mistake, may be rejected. 1 Greenl. Ev. § 301; 3 Washb. Real Prop. 344–347; *Everett* v. *Ins. Co.* (*ante* p. 76.) The enquiry, then, is whether upon this rejection, a sufficient description remains to ascertain its application, so that the deed can take effect. For the purpose of answering this enquiry, and discovering the intention of the author of the deed, the court may put itself in his place,

and then consider how the terms of the instrument affect its subject-matter. The situation of the maker of the deed at the time of its execution may be shown by the proof, (parol or otherwise,) of surrounding circumstances. 1 Greenl. Ev. §§ 287, 288.

Now in this case, it appears that at the date of his deed to Colby, (April 25, 1851,) John Randall was owner in fee simple of the whole of lots 13 and 14 in block 12 ; the facts shown by the foregoing sketch appear also ; as, for instance, that block 12 and its several lots are rectangular, that lot thirteen is 50 feet, and lot fourteen 60 feet in width, the two together, therefore, being in width 110 feet ; that lots 13 and 14 are each 150 feet in length in the direction in which Jackson street runs. The front line of the premises on Jackson street is definitely fixed as a line 50 feet in length, commencing at a point fifty feet distant from Fifth street, and, therefore, presumably running away from, and not towards, Fifth street. The front of the premises being thus definitely ascertained, and their width being fixed by the deed at fifty feet, the next enquiry is, In what direction do the side lines run? The course of these lines not being otherwise laid down, the presumption is that they run back at right angles to Jackson street. *Hicks* v. *Coleman*, 25 Cal. 122 ; *Craig* v. *Hawkins' Heirs*, 1 Bibb, 53. This presumption is supported by the facts before referred to, *first*, that at the time of executing the deed, Randall was the owner of the lots 13 and 14, so that it was in his power to convey a rectangular parcel thereof, with the fifty feet front designated ; *second*, by the fact that block 12, and lots 13 and 14, are rectangular ; and, in the absence of anything to the contrary, the probability and the presumption of fact would be that the exterior lines of any subdivision of the lots would be parallel to the exterior lines of the lots subdivided,—this, not only because this is the ordinary practice in making such subdivision, but because subdivision made in this way would ordinarily be for the convenience and advantage of both parties, giving to each pieces of land of regular

form, a point of much practical importance in this case, when it is considered where the premises were located, and for what purposes they were likely to be used. If we are right in these views, there is no difficulty in locating the side lines of the premises in controversy.

The only remaining question relates to the rear line of the premises. As to that, the facts that Randall owned the whole of lots 13 and 14, and that the combined width of the two was 110 feet, are important, as showing that it was in Randall's power to convey to the depth of 110 feet. The language of the deed is "one hundred and ten feet deep, more or less." We think this is sufficient to pass a depth of 110 feet, provided the grantor was the owner of that depth, as we have seen that he was in this case. This construction would certainly fall within the maxim that "the words of an instrument are to be taken most strongly against the party employing them." Broom's Legal Maxims, 594.

The plaintiffs' claim is that it was intended by the deed to Colby to convey the middle third of lots 13 and 14, as the same is represented by the dotted lines in the foregoing sketch. This claim, which was sustained by the court below, is in our opinion supported by the facts of the case, and the considerations above adduced. It is also somewhat strengthened by the facts received in evidence, going to show that the practical location of the premises by the occupants thereof is in accordance with the plaintiffs' claim. 1 Greenl. Ev. § 293; *Stone* v. *Clark*, 1 Met. 378. Had the plaintiff been permitted to show, as he offered to do, that this practical location commenced immediately after the execution of the deed to Colby, and continued without interruption down to the day of trial, a period of more than twenty years, the evidence in support of plaintiffs' claim would have been still more irresistible.

Judgment affirmed.