M. H. FURESETH v. GREAT NORTHERN RAILWAY COMPANY.[1]

May 12, 1905.

Nos. 14,277—(101).

**Trial in Justice Court—Legal Holiday.**

Upon the return day of a summons by a justice of the peace defendant appeared by attorney, answered the complaint, and stipulated for an adjournment of the case to May 30. At the adjourned date both parties appeared, plaintiff ready for trial, and defendant moved to dismiss the action on the ground that the court had no jurisdiction to proceed to trial on a legal holiday, which motion was denied.

The decision was based on the fact that plaintiff had appeared for trial, would otherwise be subject to considerable expense, and upon the stipulation of the parties.

*Held*, the facts were sufficient to justify the justice in holding that a necessity existed, as provided by section 7987, G. S. 1894.

Appeal by defendant from a judgment of the district court for Polk county, entered pursuant to the findings and order of Watts, J., affirming a judgment of a justice of the peace in favor of plaintiff for $62.90. Affirmed.

[1] Reported in 103 N. W. 499.

*A. C. Wilkinson* and *Robert A. Hastings,* for appellant.
*W. E. Rowe,* for respondent.

LEWIS, J.

Action for damages for failure to deliver baggage belonging to respondent which had been delivered to appellant for transportation from Grand Forks to Fosston.

Summons in the action was issued by a justice of the peace of Fosston, and made returnable May 23, 1904, when appellant appeared by its attorney, and answered orally to the complaint, and the following proceedings took place: Respondent's attorney asked for an adjournment, and appellant's attorney said any day would suit him on which to try the case except a certain day, which the return of the justice does not disclose. Respondent's attorney then asked appellant's attorney if May 30 would suit him, and he replied that it would. Thereupon the justice adjourned the case accordingly, and made the following entry in his docket:

> By stipulation in open court case adjourned until May 30, 1904, at my office in the village of Fosston, Polk county, Minnesota, at eleven o'clock a. m.

On the adjourned day appellant appeared by its attorney, and objected to any further proceedings being taken on the ground that May 30 was a legal holiday, and that the court had lost jurisdiction to proceed with the trial, and the justice made the following entry:

> It [having] appeared to the court that the plaintiff lives more than ninety miles from the place of trial, and that it would entail a large expense to dismiss this case and have the plaintiff bring another action, and that it is the interest of justice that this trial be now had, defendant's objection overruled.

Respondent introduced evidence in support of his case, and appellant took no further part in the trial. Judgment was entered in favor of respondent, whereupon appellant appealed to the district court upon questions of law alone. The district court affirmed the judgment, from which appellant appealed to this court.

Appellant submits that the judgment was void because it conclusively appears from the record that there was no necessity for con-

ducting the trial on May 30. The question is fully answered in the case of State v. Sorenson, 32 Minn. 118, 19 N. W. 738, where the trial began February 19, and continued from day to day until the 22d, a legal holiday, when it was submitted to the jury. It was held that in judicial proceedings the necessity of transacting the particular business on a holiday must be conclusively presumed to have been presented to and passed upon by the court.

The record here shows that May 30 was selected by stipulation of the parties, and the case adjourned to that date for the convenience of all concerned. Respondent having prepared for trial and appeared with his witnesses, appellant was in no position to disregard the stipulation. In overruling appellant's objection the court decided that under all the circumstances it was necessary to proceed with the trial. The decision of the justice seems to have been based upon the convenience of the parties and to save expense. Those were proper considerations, and sufficient, within the meaning of the statute (G. S. 1894, § 7987), to support the decision. This is not a case where all business is absolutely prohibited upon Sunday or a legal holiday, according to the statutes of some states.

Judgment affirmed.