PHILIP ROSENBERG *vs.* ALBERT KRECIOH.

Bristol. October 27, 1913. — December 13, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Practice, Civil,* Conduct of trial: order of proof, Exceptions.

The regulation of the order of proof at a trial is within the discretionary power of the presiding judge, and no exception lies to the exercise of such discretion unless such exercise was wholly unwarranted, which here was not the case.

MORTON, J. This is an action to recover a commission which it is alleged the defendant expressly agreed to pay to the plaintiff for procuring a purchaser for a stock of merchandise belonging to the defendant. There was a verdict for the plaintiff for the full amount claimed and the case is here on the defendant's exceptions. The defense was that the plaintiff had acted fraudulently and in bad faith in reference to an attachment of the goods by the purchaser, and that he had received a commission from the buyer as well as the seller. The exceptions recite that "The case was submitted to the jury under instructions to which no exceptions were taken, including an instruction that the defendant had introduced no evidence that the plaintiff had participated in the procuring or placing of the attachment or had otherwise acted in bad faith toward the defendant."

The exceptions are to the exclusion of evidence offered by the defendant. The first exception was to the exclusion of the question asked of the defendant on direct examination, "Now, I will ask you whether when you sold the goods and received the $1,700, you sold it for less than the sixty-five per cent," meaning sixty-five per cent of the cost price, which was what the goods were to be

sold for to the purchaser procured by the plaintiff. This was excluded by the presiding judge * in the exercise of his discretion as to the order of proof which was a matter to which no exception lay unless the exercise of his discretion was wholly unwarranted, which there was nothing to show was the case.

The other questions to the exclusion of which exceptions were taken were, whether after the attachment on the store he (the defendant) noticed that any of his goods were removed, whether while the keeper was there he found that uncounted goods were removed and placed upon the counted counter, and whether as a result of the attachment he finally sold the goods at less than the sixty-five per cent for which he had first agreed to sell them. The evidence which it was thus sought to introduce was wholly immaterial and was rightly excluded. There was (as the judge instructed the jury without objection on the part of the defendant) no evidence that the plaintiff had acted in bad faith or had participated in procuring or placing the attachment and therefore no ground for the introduction of the evidence in question.

*Exceptions overruled.*

*A. S. Phillips*, for the defendant.
*D. R. Radovsky*, for the plaintiff.