McMILLAN *et al. v.* McKEE *et al.*

(*Nashville.* December Term, 1913.)

1. EASEMENTS.   Selection of way.   Selection by owner.

Where a way by necessity, such as a way over private grounds to a burial ground, has not been selected, the owner of the servient estate has a prior right to select the way, provided it be reasonable; but the route is to be determined by the reasonable convenience of both parties, and not by the sole interest of either. (*Post, pp.* 41, 42.)

Cases cited and approved:   Osborne v. Wise, L. R., 2 Ch. Div., 968; Holmes v. Seley, 19 Wend. (N. Y.), 507, 510; Russell v. Jackson, 2 Pick. (Mass.), 574; Ricley v. Welsh, 149 Ind., 214.

2. EASEMENTS.   Way by necessity.

A way by necessity passes by the presumed intention of the grantor, and hence should ordinarily be over such a route as the grantor would reasonably select. (*Post, pp.* 42, 43.)

3. EASEMENTS.   Jurisdiction.   Selection of way.

A court of equity has jurisdiction to locate a way by necessity. (*Post, p.* 43.)

Cases cited and approved:   Pearne v. Coal Co., 90 Tenn., 619; Ballard v. Titus, 157 Cal., 673; Blum v. Weston, 102 Cal., 362; Gardner v. Webster, 64 N. H. 522.

FROM WILSON.

*Certiorari* from the Chancery Court of Wilson County to the Supreme Court.—J. W. STOUT, Chancellor.

WALTER S. FAULKNER, for plaintiffs.

H. F. STRATTON, for defendants.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Complainants' bill was filed to invoke the aid of equity in the location of an easement of way over their lands to a private burial ground situate thereon, and in the bill complainants define the route deemed by them proper and convenient for the use of defendants, entitled to resort to the graveyard where their dead are buried and may be buried; and complainants pray for the adoption of this route by the court.

It appears that burial parties attending interments in this burial ground had not pursued any definite route so as to define the course of the way by user. The complainants seek to have the court locate a route

that would avoid going over their tillable lands, but would follow, broadly speaking, the property lines around to the cemetery; while defendants insist that this route is unreasonable, and more than twice as long, starting from the point of entry on the tract of land to the public highway, as the direct line contended for by them.

It is urged by the defendants that they, as owners of the dominant estate, are entitled to locate the route of the way.

The burial ground is of the character of that dealt with in *Hines* v. *State,* 126 Tenn., 1, 149 S. W., 1058, 42 L. R. A. (N. S.), 1138, and the easement of way arises as an easement by necessity, to be used for ingress and egress for the purposes of burial, visiting, repairing, and keeping in proper condition the graves and grounds around same, to be exercised in a reasonable manner so as not to unnecessarily injure the owner of the farm in its cultivation and use.

The contention of defendants that the right of location, in the first instance, is with them is an erroneous one.

After much fluctuation in the early decisions, the English Court of Chancery, in *Osborne* v. *Wise,* L. R., 2 Ch. Div., 968, announced the rule to be that the primary right of selecting the route of an easement of necessity was with the grantor, but was one to be exercised in a way that would respond to the interests of the grantee, as well as his own.

In America the same rule obtains, and has been thus declared:

"Appellants (the landowner) contend that they had a right to choose where the way should be located. When no prior use of the way has been made, and the same is to be located for the first time, the owner of the land over which the same is to pass has the right to choose it, provided he does so in a reasonable manner, having due regard to the rights and interests of the owner of the dominant estate. But, if the owner of the land fail to select such way when requested, the party who has the right thereto may select a suitable route for the same, having due regard to the convenience of the owner of the servient estate." *Holmes* v. *Seely,* 19 Wend. (N. Y.), 507, 510; *Russell* v. *Jackson,* 2 Pick. (Mass.), 574; *Ritchey* v. *Welsh,* 149 Ind., 214, 48 N. E., 1031, 40 L. R. A., 105.

Where, as in the present case, there has been no location, and prior travel has been along no particular or definite route, it would seem that the court when called on to locate should defer to the selection of the landowner, if that be reaasonable, as it is found to be in fact on the record.

The route when thus fixed by the court is to be determined, however, not by the sole interest of either of the parties, but by the reasonable convenience of both.

The rule, thus declared, is logical, as well as just, in that such way of necessity, arising by implication as an incident of grant, passes by the presumed intention of the grantor, and therefore should be over such a

route as could be attributed reasonably to the grantor.

The jurisdiction of a court of equity to locate the route, not fixed by contract or user, is clear. If the location be contested, the controversy might not be settled by the negative results of many actions at law. Equity can move to fix the route affirmatively and specifically. This court, in *Pearne* v. *Coal Co.*, 90 Tenn., 619, 631, 18 S. W., 402, assumed, without discussion, the existence of jurisdiction, and exercised the power.

That a court of equity will entertain a bill for the location of the route of such a way is held in *Ballard* v. *Titus,* 157 Cal., 673, 678, 110 Pac., 118; *Blum* v. *Weston,* 102 Cal., 362, 369, 36 Pac., 778, 41 Am. St. Rep., 188; *Gardner* v. *Webster,* 64 N. H., 522, 15 Atl., 144; Jones on Easements, sec. 337.

Writ of *certiorari* granted; affirmed.