# HERMANN KRETZ v. FIREPROOF STORAGE COMPANY.[1]

June 16, 1916.

Nos. 19,824—(119).

**Level of way — former decision followed.**

1. In accordance with a former decision of this court that a passageway in controversy designed to serve the property of both plaintiff and defendant should be maintained at a level best adapted to serve the interests of both, the trial court found that that level was the level of the sidewalk at one end of the way.

**Same.**

2. Neither the terms of a 25-year lease of the ground beneath the surface of the way and of other adjacent property, nor the conduct of the parties under the lease, established the level at which the way should be maintained after the lease expired.

**Same — estoppel by conduct.**

3. The conduct of the parties during the term of the lease did not work an estoppel as to the level at which the way should be subsequently maintained. Silence of plaintiff's grantor, while defendant constructed the floor of a building to be served by the way at a particular level, could not estop plaintiff, since there is no evidence that this grantor knew of the level at which defendant was constructing its floor.

**Same — defendant acted at its peril.**

4. Defendant could not itself fix the level by first improving its property. Defendant, in constructing its building without having the level of the way established, took its chances on the level it adopted being held a proper one.

**Same — findings sustained by evidence.**

5. The finding of the trial court that the level of the sidewalk is the level best adapted to serve the property of both, is sustained by the evidence, as is also the finding that defendant can conform its building to said level at less cost and damage than plaintiff would sustain by the

[1]Reported in 158 N. W. 397.

---

Note.—Authorities on the question of right to change easement, are gathered in a note in 15 L.R.A. 93.

maintenance of the way on an incline as it is at present maintained by defendant.

Action in the district court for Ramsey county to enjoin defendant from using a certain passway upon plaintiff's premises for the purpose of carrying goods, wares and merchandise therein. After the former appeal reported in 127 Minn. 304, 149 N. W. 648, 955, the case was tried before Michael, J., who made findings and ordered judgment that after the expiration of three months from the entry of the decree, defendant be permanently restrained from maintaining the grade of the passway at any other elevation than the sidewalk level. Defendant filed a supplemental answer praying for a modification of the findings and conclusions of law so as to permit it to use at the entrance to its warehouse one of two mechanical devices which it described. The cause was tried upon the issues raised by the supplemental answer and the reply to it, and the court refused to modify its decision. From an order denying its motion for amended findings or for a new trial, defendant appealed. Affirmed.

*B. H. Schriber,* for appellant.
*John F. Fitzpatrick,* for respondent.

HALLAM, J.

1. This case has been before this court before. 127 Minn. 304, 149 N. W. 648, 955. It was there held that defendant has an easement of right of way over the north 65 feet of lot 6, St. Paul Proper, as a means of access from Fourth street to the property upon which is situated its storage warehouse. The level at which the way should be maintained was not determined. The level is not fixed in the deeds in which the reservation of the way was originally made, and on the former appeal this court held that the level must be one best adapted to serve the property of both plaintiff and defendant. The case again went to trial before the district court with only that issue to determine, and the court found as a fact that that level was the level of the sidewalk at the point where the way enters from Fourth street, and, if our former decision is to be adhered to, the only question on this appeal is the sufficiency of the evidence to sustain this finding.

We see no reason for changing our former decision.

2. At the time defendant constructed the warehouse, the surface of the way was an incline, starting at Fourth street at a point from eight to twelve inches above the sidewalk, and gradually rising so that at defendant's property line it was more than three feet above the level of the sidewalk. Defendant constructed the first floor of its building on this higher level, and now asks to have the court hold that the way should be maintained at the level of the sidewalk at one end, and at the level of its floor at the other.

It appears that in 1883 William F. Davidson, from whom defendant derives its title, took a lease from John L. Merriam, plaintiff's predecessor in title, of the ground under the surface of this way, and also of the ground under the surface of 17 feet adjoining it on the west, for 25 years, for the purpose of constructing and operating, underground, a lighting plant, and in the lease it was agreed that the lessee, Davidson, should "cover the said excavation on a line coinciding with the sidewalk grade on Fourth street in front thereof," said covering to be paved so that the same might be used during the term of the lease by both parties and their tenants for teams, wagons, conveyances and other business traffic in passing to and from their respective buildings to Fourth street. In fact the covering was maintained by Davidson at a uniform level over the whole 29 feet, but it was so constructed that traffic entered from Fourth street over the 17-foot portion. The part of the cover over the 12-foot strip was on the incline above described.

Defendant contends that this conduct of the parties settled and established the grade of the driveway. At the outset we are met by the difficulty that the 12-foot driveway was not maintained during the term of the lease at the level now claimed by defendant, but at a level that made access to it from the sidewalk impracticable. But, passing that difficulty, we are of the opinion that while some of the terms of this lease were, as held on the former appeal, important as a recognition of the 12-foot way and of the property it was intended to serve, yet we do not think that, either the somewhat ambiguous language of the lease above quoted as to the level of the covering over the 29 feet, or the conduct of the parties during the term of this lease, is at all controlling as to the level at which this 12-foot way should be maintained during the ages to follow after the 25-year lease expired.

3. It is urged that plaintiff is estopped to question the level at which this passageway is maintained by the conduct of John L. Merriam during the 25-year lease, together with the conduct of his successor in title after the lease expired. What we have already said disposes of this question so far as concerns the conduct of Merriam and his grantees during the term of the lease. There was some negotiation with Merriam's grantee as to repair of the covering over the 17-foot portion of the leased premises, from which it might be inferred that it was repaired at the old level. But this, too, was before the lease expired.

It is also urged that plaintiff is estopped to question the level at which this passageway is maintained by acquiescence in the construction by defendant of its building with the floor accommodated to this level. As to this it is enough to say there can be no estoppel by conduct, unless the person against whom an estoppel is invoked has knowledge of the facts, and there is no evidence that plaintiff's grantor who then owned this property had any knowledge of the level at which defendant was constructing its floor.

4. It is contended that, since defendant constructed its building and "located its threshold," and assumed to fix a level for the driveway before plaintiff erected his building, the maxim *prior tempore potior jure* should apply. We do not consider that any application of this maxim would give one party the power to fix property rights between himself and his neighbor in this manner.

When the defendant commenced the construction of its warehouse, the level of this driveway was in no manner fixed. The demands of its property were not such that it was material whether the level should be as it then found it or the level of Fourth street throughout. Defendant might have had the level fixed by negotiation or, failing in that, by litigation, or, resorting to neither, it might build as it saw fit, taking chances on the level being adopted being a proper level. This is what defendant did. It acted at its peril. There was no particular demand that it should leave the level of the 12-foot driveway as it was, because of the level of the adjoining 17 feet. The necessity of so maintaining it had ceased when the 25-year lease expired in 1908. The land now owned by plaintiff was occupied by a building that was old and not adapted to the best use of the land, and its destruction was only a question of a short time. It was

soon torn down. It must have been manifest that any new structure must face on Fourth street; that the first floor would be utilized in the ordinary way for stores and offices; that these would likely be on a level with the sidewalk on Fourth street in the front; and, if on that level in the front, they must be so from front to rear, and that, if any passageway was constructed in the rear, it must be on the same level. The property was so improved. The result is that the way as constructed by defendant is at the defendant's property line three feet above plaintiff's floor line and the same distance above plaintiff's passageway in the rear. Yet it is plaintiff's right that the way serve him as well as defendant. Manifestly it does not adequately serve plaintiff. Either plaintiff must alter his structure or defendant must alter the level of this way.

5. The trial court found that "the defendant can now make said doorway and entrance to its warehouse conform to said sidewalk grade with far less cost, expense and damage to its property, than the plaintiff would sustain, by maintaining the grade of the right of way at its present elevation, or by attempting to conform his building to the present elevated grade of the right of way so as to have any practical use of the same." We think this finding is sustained by the evidence. The finding that the sidewalk level is the level best adapted to serve the property of plaintiff and of defendant, likewise, is sustained by the evidence, and the order appealed from is affirmed.