IN RE APPEAL OF ADOLPH ONDRACHEK FROM THE ORDER OF THE BOARD OF COUNTY COMMISSIONERS OF McLEOD COUNTY, MINNESOTA, ETC.[1]

January 5, 1923.

No. 23,217.

Statute authorizes laying out a county cross road in one town between parallel roads.

1.  Chapter 235, Laws 1913, as amended by chapter 116, Laws 1915, authorizing the board of county commissioners to lay out and establish a county road wholly within a township of the county, "which constitutes a direct connecting link with two or more existing roads," construed and *held* to authorize a cross road connecting two parallel roads extending through the county.

Description sufficient to confer jurisdiction—"approximately."

2.  The description of the road as contained in the petition initiating the proceedings, in connection with specific calls indicated therein,

[1]Reported in 191 N. W. 418.

though certain distances are stated as "approximately," *held* sufficiently definite to confer jurisdiction to lay the road.

Adolph Ondrachek, a resident and taxpayer of the county of McLeod, aggrieved by the order of the board of county commissioners establishing a public road, appealed therefrom to the district court for that county. The appeal was heard by Tifft, J., who made findings and affirmed the action of the board. From an order denying his motion for a new trial, Adolph Ondrachek appealed. Affirmed.

*F. R. Allen,* for appellant.

*C. G. Odquist* and *William O. McNelly,* for respondent.

BROWN, C. J.

By the proceedings involved on this appeal it was sought to have established by the board of county commissioners of McLeod county, a public road wholly within a single town thereof, to connect two existing roads running parallel to each other north and south through and beyond the boundaries of the county. The new road was opposed by certain property owners and they contested the proceedings before the county board. The proceedings appear to have been in all things regular and in conformity with the statutes in such matters made and provided, and at the conclusion thereof the board made an order establishing and laying the road. The objectors appealed to the district court of the county where, after due trial and hearing, the order was in all things affirmed and approved. They moved for a new trial and appealed from an order denying it.

The facts are not in dispute. The two parallel roads extend through and beyond the limits of the town as well as the county, a distance apart of three fourths of a mile. The proposed new road will connect them at right angles, but is wholly within the township.

It is urged in support of the appeal: (1) That the county board was without jurisdiction under the statute relied upon to lay out or establish the road; and (2) that the description of the road as set out both in the petition and the final order of the county board is fatally defective; therefore, that the order is a nullity and of no force or effect.

1. The proceedings are based on chapter 235, p. 307, § 33, Laws 1913, as amended by chapter 116, p. 156, § 7, Laws 1915, wherein it is provided, so far as here material:

"Whenever twenty-four freeholders of any county petition the county board for the establishment * * * of a road wholly within a town which constitutes a direct connecting link with two or more roads in the towns adjoining the town in which said road is * * * to be located, setting forth the beginning, course and termination thereof * * * and file the same with the auditor, he shall forthwith lay the same before the county board," etc., etc.

It is contended that the statute authorizes the county board to lay a public road wholly within a town only when it will constitute a connecting link and join together two roads ending within the town and running in the same direction; and that it does not authorize a cross road of the character of the one at bar, though the result thereof be to connect with and form a road for continuous passage to and upon the existing roads. We are unable to concur in that construction of the statute. Cross roads are the connecting links most needed in our present system of roads and highways, and come fairly within the descriptive language of the statute as constituting "a direct connecting link with two or more roads in the towns adjoining." If construed to apply only to breaks or missing links in existing roads, a road having disconnected ends in a particular town, little occasion would be found for its application. A situation of the kind will not often occur; whereas the necessity and propriety of a connecting cross road frequently arises. We construe the statute to apply to a road of that kind when wholly within a single township.

2. We have no difficulty with the second contention of appellants, namely, that the description of the proposed road is so indefinite and insufficient as to render the whole proceeding void. It appears from a plat made a part of the record that the east road, with which connection is sought to be made, turns at right angles to the east at a point southwest from the northeast corner of section 25, town 119, range 29, running thence east about a quarter of a mile to a

town line, turning then south and running on in that direction to its end. The description of the road in question as found in the petition and also the road order is as follows:

"Beginning at a point approximately one-fourth of a mile south and the same distance west of the northeast corner of section twenty-five (25), township one hundred sixteen (116), range twenty-nine (29) in said county and running thence due west approximately three-fourths of a mile," to connect with other roads as follows:·

The "other roads" being the two north and south roads heretofore mentioned.

It may be said, generally speaking, that the word "approximately" renders a description of the kind indefinite and probably fatally defective; we are clear that in this instance the indefiniteness is entirely removed by the specific calls indicated by the description here involved. The road described and intended to be laid out and established, was designed to connect the two parallel roads, one end thereof commencing at the junction with the east road, the other at the west road. If we follow the directions given in the description and proceed approximately one-fourth mile south and a like distance west from the northeast corner of section 25, we come directly to the right angle in the east road, already referred to. And going thence due west approximately three-fourths of a mile the west road is reached. The use of the word "approximately" does not mislead or in any way materially interfere with the ascertainment of the road intended to be laid out. And we hold the description thereof, with the associated calls, sufficiently definite and certain.

This covers the case and renders a consideration of questions involving the admission of evidence to explain the description, or in aid thereof unnecessary. The description being sufficient in itself, there was no error in the admission of the explanatory evidence referred to.

Order affirmed.