## HUMBLE OIL & REFINING CO. v. LUTHER et al.
### No. 3994.

Court of Civil Appeals of Texas. Texarkana.
May 14, 1931.

R. E. Seagler, of Houston, and Ramey, Calhoun & Marsh, of Tyler, for appellant.

Lanham Croley and J. P. Rice, both of Dallas, W. E. West, of Canton, Vinson, Elkins, Sweeton & Weems, of Houston, and Wynne & Wynne, of Wills Point, for appellees.

SELLERS, J.

This action was instituted by the appellant, Humble Oil & Refining Company, as plaintiff,

on January 27, 1930, in the district court of Van Zandt County, Texas, against appellees G. J. Luther and wife, Imperator Oil Corporation, and W. A. Southworth, as defendants, to reform an oil, gas, and mineral lease theretofore executed by the defendants G. J. Luther and wife, as lessors, on April 26, 1928, in favor of J. K. Lewis, as lessee, covering certain lands and premises situated in Van Zandt county, Tex., which said lease, by due assignment from said lessee, appellant had thereafter acquired. As grounds for said action, the appellant alleged that, due to a mutual mistake of the parties to said lease, the same failed to describe accurately all of the lands and premises which were intended by such parties to be covered and affected thereby, and appellant sought to have the description in said lease corrected and reformed so that the same should reflect the true and correct description of said premises according to the intention of the parties thereto. Appellant further alleged that the defendants Imperator Oil Corporation and W. A. Southworth, were asserting some right, title and interest in and to the oil, gas, and mineral leasehold estate in and to said premises, but averred that such claims and titles of said defendants were in all things inferior and subordinate to the claims and titles of the plaintiff thereunto and constituted a cloud upon plaintiff's title to said leasehold estate, which plaintiff sought thereby to have removed.

The appellees G. J. Luther and wife answered denying the allegations in appellant's pleadings, and alleged that it was not the intention of the parties to the aforesaid lease that the same should cover and affect more than 32 acres of land out of the William Daniel Survey, and that all lands owned by said defendants in excess of said 32 acres in the said Daniel survey was not subject to plaintiff's lease. Said appellees further alleged, that, in addition to the said 32 acres of land above mentioned, they also owned a 6-acre tract of land and a 3.01-acre tract of land in the J. Goodman survey which were not affected by appellant's lease and that subsequently, on January 16, 1930, said appellees had leased in good faith said 3.01-acre tract to the defendant Imperator Oil Corporation.

The appellees Imperator Oil Corporation and W. A. Southworth filed answers denying the allegations in appellant's petition, and alleged that said Imperator Oil Corporation on January 6, 1930, had procured for valuable consideration an oil lease from the appellees G. J. Luther and wife covering said 3.01-acre tract, and that subsequently said lease was transferred for convenience by said Imperator Oil Corporation to W. A. Southworth, but that the said W. A. Southworth in fact held said lease for the use and benefit of the said Imperator Oil Corporation. Said appellees allege that their said lease upon said 3.01-

acre tract was in all things valid and subsisting and that the same was acquired for valuable consideration and without notice that the appellant, Humble Oil & Refining Company, claimed any lease or interest upon the premises affected thereby.

The facts of this case disclose that appellees G. J. Luther and wife purchased the land in controversy from W. S. Brannon and wife on October 3, 1925, and that the deed described the land as follows: "All that certain lot, tract or parcel of land, and being a part of the William Daniels Headright Survey granted by letters patent by the State of Texas 143, Vol. 10, and recorded in the Clerk's office of Van Zandt County, Texas, in Book ——— page ———, and bounded as follows: Beginning at the N. W. corner of 171 acres conveyed to W. G. Carter by Mary E. Murphee, by deed dated March 7th, 1883, a B. J. 12 in. dia. vrs. S. 14 E. 7 vrs. do 6 in. dia. vrs. S. 68 E. 7½ vrs. which B. J.'s are marked X 7 vrs., the other X 7 vrs. 10 degs. 23 vrs; thence West 256 vrs. to corner; thence about 50 vrs. on the John Goodman Survey for corner; thence North to branch then with the meanderings of said branch to the North line of the said William Daniels Survey 950 vrs. more or less, to the N. W. corner of the South Division of said survey deeded by William Daniel to A. A. Nelson; thence East along the N. B. L. of said South Division to the N. W. corner deeded by S. M. Murphee to Samuel Cocker and his two sisters; thence South to the place of beginning, containing 47 acres, more or less, of land save and except 15 acres off the North end of said tract previously sold to J. D. Listenbee."

Thereafter on April 26, 1928, G. J. Luther and wife executed to J. K. Lewis an oil, gas, and mineral lease, which, according to the terms of the lease, covered the following land: "All that tract or parcel of land containing 32 acres, more or less, out of the Wm. Daniel Survey as conveyed to G. J. Luther by W. S. Brannon and Una Brannon by deed dated 3rd day of Oct. 1925, and recorded in Vol. 167, page 61, of the Records of Van Zandt County, Texas, to which deed and record thereof reference is here made for a more complete description and which description as therein shown is made a part hereof."

J. K. Lewis assigned this lease to the appellant, Humble Oil & Refining Company. The consideration paid Luther for this lease was $2 per acre, and the number of acres for which he received pay was 32.

Some year or more after the above lease was executed, one C. Andrade, who was vice president of appellee Imperator Oil Corporation, advised G. J. Luther that he thought Luther owned more land than he had leased to J. K. Lewis, and secured from Luther and wife an agreement to lease the excess in the tract of land to appellee Imperator Oil Cor-

poration, and it was then that the Imperator Oil Corporation caused a survey of the land to be made which disclosed that Luther had under fence approximately 41 acres of land which he had gone into possession of under his deed from Brannon and wife, but that the field notes in the deed from Brannon only called for 32 acres in the William Daniel survey and approximately 6 acres in the J. Goodman survey, leaving a surplus of 3.01 acres in the J. Goodman survey not included in the description in the deed from Brannon to Luther, but was included within Luther's fence. After this survey was made, Luther and wife executed to appellee Imperator Oil Corporation a lease upon the 3.01 acres of land for a consideration of $1,000 per acre; $250 of this consideration was paid in cash and the balance was placed in a bank with the lease, to be paid to Luther and wife when title to the property had been approved by attorneys for the Imperator Oil Corporation and a permit was secured from the Railroad Commission to drill a well on the land. It was further agreed that, should any litigation arise the appellee Imperator Oil Corporation should pay all costs of the same, and that the lease should remain in the bank until such litigation was settled.

The trial was to a jury, and, after the evidence was heard, the court instructed a verdict for appellant for the 32 acres in the William Daniel survey and also the 6 acres in the J. Goodman survey which the description in its lease called for, and for appellee Imperator Oil Corporation for the 3.01 acres of the J. Goodman survey which was not called for by the description of appellant's lease.

It appears conclusively from the court's charge in instructing the jury that appellee Imperator Oil Corporation took its lease on the 3.01 acres of land for a valuable consideration from G. J. Luther and wife without notice, either actual or constructive, of appellant's claim to same, and that the evidence raised no controverting issue of fact for the jury to pass upon.

■ The holding of the trial court that there was no controverting issue of fact to be submitted to the jury is made the basis of appellant's complaint on this appeal. Appellant insists, the evidence being undisputed, that appellee Imperator Oil Corporation paid appellees Luther and wife only a small portion of the agreed consideration for the oil lease upon the land in controversy at the time of the execution and delivery of same and agreed to pay the principal consideration thereafter when and in the event the title to said lease should be approved and any litigation arising should be settled was sufficient to raise an issue of fact to go to the jury as to notice of the appellee Imperator Oil Corporation of appellant's claim to the land in controversy.

With this contention we cannot agree. As we view these matters, they are nothing more than precautions which any purchaser of a lease should take to protect himself. And the fact that appellee Imperator Oil Corporation took such precautions should not be treated as evidence authorizing a jury to find it had notice of a secret agreement between appellant and appellees Luther and wife that such land was omitted from appellant's lease by mutual mistake. We are unable to find any evidence in this record that could be construed as giving the appellee Imperator Oil Corporation actual notice of appellant's claim to the land in controversy.

■ It is also contended by appellant that its lease contained such an ambiguous description of the land affected thereby that the recording of its lease was sufficient to put subsequent purchasers on inquiry as to the intent of the parties to said lease that same comprises more land than was actually described therein. As we understand appellant's position, it is that the call in the description of the land contained in its lease (quoting), "Thence about 50 varas on the John Goodman Survey for corner," makes the description ambiguous. In determining whether this call in the description makes it ambiguous, it will be necessary to determine what legal effect the word "about" should be given as used in that call in the description of the land. It seems well settled by the authorities that, where the word "about" is used as it was here used, it will be disregarded in determining the distance called for, and the distance will be treated as positively 50 varas. Words and Phrases, First Series, vol. 1, page 21, and authorities there cited. Eliminating, then, the word "about" from the description of the land contained in appellant's lease, said description would not be ambiguous, and would therefore be no notice to the appellee Imperator Oil Corporation.

Finding no errors in the record, we are of the opinion that the judgment should be affirmed, and it is so ordered.