GOTFRED A. INGELSON AND OTHERS v. OSCAR OLSON.[1]

March 19, 1937.

No. 31,002.

[1]Reported in 272 N. W. 270.

See 189 Minn. 183, 248 N. W. 700.

*Charles M. Munnecke* and *R. C. Andrews,* for appellants.

*S. Bernhard Wennerberg,* for respondent.

PETERSON, JUSTICE.

Appeal from an order denying plaintiffs' motion for a new trial after a decision in favor of defendant.

This action was brought (a) for specific performance of an agreement contained in a stipulation of settlement of a former lawsuit by the terms of which the defendant agreed to grant to plaintiffs a right of way over defendant's land, and (b) to restrain defendant from interfering with plaintiffs' use of a certain public highway. This is the fourth lawsuit between these parties concerning the right of plaintiffs to a way over defendant's land, and the second appeal to this court. See Johnson v. Olson, 189 Minn. 183, 248 N. W. 700. The first lawsuit was compromised and settled by a stipulation in writing. That action was brought by two of the present plaintiffs, Gotfred A. Ingelson and Emma Ingelson, but the stipulation of settlement recites that it is for the benefit of all the other plaintiffs who are named therein as owners of the land to which the right of way is appurtenant. Plaintiffs claimed a right of way across the defendant's land east of the barn, and the stipulation provided, among other things: (1) That the defendant "will convey to the plaintiffs and to the other owners of said premises * * * by quit claim deed for road purposes only, a roadway" across the land west of the barn; that defendant will remove any obstructions that may be on said roadway so that the same may be opened and used by plaintiffs; that the roadway so granted by the defendant to the plaintiffs is for their private, and not a public, use; (2) that the plaintiffs in that action, Gotfred A. Ingel-

son and Emma Ingelson, agree to execute and deliver to the defendant, a release of their right, title, claim and interest in the road east of the barn and to secure, if possible, the signatures of the other owners (the other plaintiffs in this case) to said release; (3) that Henry A. Swenson, the county surveyor of Chisago county, shall survey and stake the new roadway west of the barn. The stipulation recites that it was executed because it is the desire of the parties to the action to settle the dispute in an amicable manner. Thereafter a survey was made by Swenson. He discovered that the west line of defendant's property was not along a fence as the parties supposed it to be, but was three feet west thereof on what the parties supposed to be the land of one Berglund. The survey was unsatisfactory to the plaintiffs because of its failure to provide a suitable curve around the defendant's machine shed. They refused to abide by it and so notified the defendant. The plaintiffs then brought the second lawsuit to establish their right to a road east of the barn. Shortly before the second suit was brought on for trial, May 24, 1932, defendant entered judgment upon the stipulation for settlement, having given due notice to the parties concerned, which judgment contained the same provisions as the stipulation for settlement.

■ The court below found that the roadway is described in the stipulation and judgment in such uncertain terms that it cannot be determined with any certainty what land is embraced within the roadway and that therefore the stipulation and the judgment are void for uncertainty. The description of the roadway is as follows:

"A roadway twenty (20) feet wide, commencing at the northwest corner of the defendant's land at a point approximately thirty (30) feet west of the northeast corner of section fourteen (14), township thirty-four (34), range twenty (20), thence continuing in a straight line in a southwesterly direction along the west line of the defendant's land for a distance of approximately 450 feet, and to a point directly opposite and west from the southwest corner of the machine shed on the defendant's land, thence around a curve

and in a southeasterly direction in a straight line a distance of approximately 100 feet, more or less, to the west line of the lands of the plaintiff, at a point 20 feet more or less south of the northwest corner of the plaintiffs' land, where the same adjoins the land of the defendant, the said point last referred to being also the southwest corner of the defendant's land in section 13, comprising a 5-acre tract."

The stipulation and judgment are for the grant of an easement only. Winston v. Johnson, 42 Minn. 398, 45 N. W. 958; Lidgerding v. Zignego, 77 Minn. 421, 80 N. W. 360, 77 A. S. R. 677. They were so regarded in the court below.

It is claimed by defendant that uncertainty results from a failure particularly to describe the curve around the machine shed, giving the radius, length of the curve, and other particulars, and by the use of the words "about," "approximately," and "more or less" in connection with distances and points. It is evident that the roadway was to be located along the course described and within the limits specified. This may be, and it should have been, done by applying settled rules of construction and executing the stipulation and judgment according to the terms of the latter.

The words "about," "approximately," and "more or less" express the idea of undetermined and varying extent or degree, with some approach to exactness. They denote estimate, not exact precision. Estimate is used in order that the intention of the parties shall not be defeated by attempted precision, which at the time is not possible. They are words of safety and precaution, intended to cover some slight or unimportant inaccuracy, for an adjustment, if necessary, of distance or quantity. If no other calls render them necessary, these words should be rejected and the distance taken as stated. Austrian v. Davidson, 21 Minn. 117; Co-operative Bldg. Bank v. Hawkins, 30 R. I. 171, 191, 73 A. 617; Cutts v. King, 5 Greenl. (Me.) 482; Humble Oil & Refining Co. v. Luther (Tex. Civ. App.) 40 S. W. (2d) 865; Sanders v. Morrison's Executor, 2 Mon. T. B. (Ky.) 109, 15 Am. D. 140; Oakes v. DeLancey, 133 N. Y. 227, 231, 30 N. E. 974, 28 A. S. R. 628; Sowles v. Minot,

82 Vt. 344, 357, 73 A. 1025, 137 A. S. R. 1010; Blaney v. Rice, 20 Pick. (Mass.) 62, 32 Am. D. 204; Russo v. Corideo, 102 Conn. 663, 673, 129 A. 849; 1 Jones, Law of Real Property in Conveyancing, p. 337, § 407; 4 Thompson, Real Property, p. 255, § 3155. In Johnson v. Pannel's Heirs, 2 Wheat. 206, 4 L. ed. 221, Chief Justice Marshall said, at page 211:

"And in ascertaining a place to be found by its distance from another place, the vague words 'about,' or 'nearly,' and the like, are to be discarded, if there are no other words rendering it necessary to retain them; and the distance mentioned is to be taken positively."

However, these words may be given effect in a deed if it appears that the intention was not to state the distance absolutely but to provide for the control and explanation of an estimate. Control and explanation result from monuments, boundaries, abuttals, and expressions of intention indicating the location of the line. The words may be taken as a suggestion or indication that the point intended will be fixed on the ground in some manner. Authorities *supra;* Hall v. Eaton, 139 Mass. 217, 221, 29 N. E. 660; Iverson v. Swan, 169 Mass. 582, 48 N. E. 282; Maryland Const. Co. v. Kuper, 90 Md. 529, 546, 548, 45 A. 197; Atkins v. Bordman, 2 Metc. (Mass.) 457, 466, 37 Am. D. 100.

In construing a description, the intention of the parties will be sought. If the intention can be discovered and it is not in conflict with the express language of the description, such construction, within reasonable limits, should be given to estimated measurement as will carry out the intention of the parties.

Applying these rules to the case at bar, the only part of the description that is in doubt is the curve around the machine shed southeasterly and the course of the road from the end of the curve to the plaintiffs' land. The point of beginning, "approximately 30 feet west of the northeast corner" is definite if the word "approximately" be rejected. This should be done for the reason that the word "approximately" is not used in this connection to allow an adjustment to the demands of fixed monuments, or other words

expressive of intention. Johnson v. Pannel's Heirs; Co-operative Building Bank v. Hawkins; Sanders v. Morrison's Executor, *supra*. The point of beginning is then 30 feet west from the northeast corner.

The word "approximately" should be retained in connection with the words "approximately 450 feet" from the point of beginning because it is manifest that the distance given is intended to be controlled by and accommodated to the curve around the machine shed. This curve, by the terms of the description, is to begin at a point directly opposite and west from the southwest corner of the machine shed. The point definitely limits the length of the line and the place where the curve is to commence. The words "more or less" in connection with the line southeasterly after the curve ("100 feet, more or less") and the same words in connection with the terminus of the road ("to the west line of the lands of the plaintiff * * * at a point 20 feet, more or less, south of the northwest corner") are likewise to be retained because these distances are to be controlled by the necessities of the curve. The construction of the curve is a practical matter because it was the intention of the parties that the plaintiffs should have a suitable and convenient roadway for uses intended. The description of the line after the curve, southeasterly in a straight line "100 feet more or less," and of the point of terminus of the road, "20 feet more or less" south of the northwest corner of plaintiffs' land, serve the further purpose of showing the degree of the curve intended. Thus the curve is to end at that point which, measured by a straight line southeasterly, will be 100 feet more or less from the line of plaintiffs' land, and so drawn that it will fall on a point 20 feet more or less south of the northwest corner of plaintiffs' land. See Mayor & Aldermen of Worcester v. Railroad Commrs. 113 Mass. 161.

■ In describing an easement, all that is required is a description which identifies the land which is the subject of the easement and expresses the intention of the parties. Here the defendant's land is the subject of the easement, and it has been described with

particularity. In Lidgerding v. Zignego, 77 Minn. 421, 80 N. W. 360, this court held a description sufficient which indicated a right of way "upon or near" the line of defendant's property. In Callan v. Hause, 91 Minn. 270, 97 N. W. 973, 1 Ann. Cas. 680, and note, the rules governing the location of easements where the description is indefinite are stated. In such a case the grantor has the right in the first instance to designate and locate the roadway, and, if reasonably suitable for the purpose, a selection of a place cannot be questioned. If the grantor omits to exercise this right, the grantee may make the selection, and his selection will be upheld unless he has abused the right. Kretz v. Fireproof Storage Co. 127 Minn. 304, 149 N. W. 648, 955; Kretz v. Fireproof Storage Co. 133 Minn. 285, 158 N. W. 397; Sabin v. Rea, 176 Minn. 264, 223 N. W. 151. The authorities are in accord. 9 R. C. L. p. 791, § 48; 19 C. J. p. 971, § 210; 1 Thompson, Real Property, p. 411, § 321; Brossart v. Corlett, 27 Iowa, 288; Simonds v. Wellington, 10 Cush. (64 Mass.) 313; Blue v. First Nat. Bank, 200 Ala. 129, 75 So. 577; Fulcher v. Dierks L. & C. Co. 164 Ark. 261, 261 S. W. 645; United States v. Van Horn (D. C.) 197 F. 611, 616; Douglas v. Jordan, 232 Mich. 283, 205 N. W. 52, 41 A. L. R. 1437; Greve v. Caron, 233 Mich. 261, 206 N. W. 334; Burgas v. Stoutz, 174 La. 586, 141 So. 67; Pacific Gas & Elec. Co. v. Crockett L. & C. Co. 70 Cal. App. 283, 292-294, 233 P. 370; Stevens v. MacRae, 97 Vt. 76, 122 A. 892; Looney v. Blackwood, 224 Ala. 342, 140 So. 400; McKenney v. McKenney, 216 Mass. 248, 103 N. E. 631. In Grafton v. Moir, 130 N. Y. 465, 471, 29 N. E. 974, 976, 27 A. S. R. 533, Judge Vann, speaking for the court, said: "When the right of way is not bounded in the grant, the law bounds it by the line of reasonable enjoyment." This means that the easement must be a convenient and suitable way and must not unreasonably interfere with the rights of the owner of the servient estate. See Kretz v. Fireproof Storage Co. 127 Minn. 304, 312, 149 N. W. 648, 955.

Because of the failure of the parties and their agent, Swenson, to locate the roadway upon the land, the task of actually staking out the road with the curve mentioned still remains. Practically

all uncertainty has been eliminated by construction of the description. Whatever uncertainty remains relates to the curve and the fixing of the terminus on plaintiffs' land. The evidence shows that both can be located by some adjustment of the lines and the point of terminus to the demand of the curve. In cases in which the description of an easement is indefinite or the parties cannot agree, the location of a way may be determined by the court. Kretz v. Fireproof Storage Co. 127 Minn. 304, 312, 149 N. W. 648, 955 (the elevation and level of a passageway); 19 C. J. p. 973, § 214; 21 R. C. L. p. 1241, § 37, note 10. In MacMillan v. McKee, 129 Tenn. 39, 43, 164 S. W. 1197, 1198, Ann. Cas. 1916A, 145, and note, the rule is stated:

"The jurisdiction of a court of equity to locate the route, not fixed by contract or user, is clear. If the location be contested, the controversy might not be settled by the negative results of many actions at law. Equity can move to fix the route affirmatively and specifically."

The rule stated is that of this court, applied in the Kretz cases.

The plaintiffs Gotfred Ingelson and Emma Ingelson may enforce the stipulation and judgment as the plaintiffs in the first action. This is true for the reason that a party with whom or in whose name a contract is made for the benefit of another may sue in his own name to enforce the contract without joining the person for whose benefit the action is brought. 2 Mason Minn. St. 1927, § 9167; 2 Dunnell, Minn. Dig. (2 ed.) § 1895; 58 C. J. pp. 1127, 1128, 1129, notes 68, 88, and 89; 13 C. J. p. 707, note 6; Simmons v. Henderson, 207 Ala. 692, 93 So. 624; Croker v. New York Tr. Co. 245 N. Y. 17, 156 N. E. 81. The party for whose benefit the contract is made is a proper party. Therefore the plaintiffs other than Gotfred and Emma Ingelson are proper parties. 2 Dunnell, Minn. Dig. (2 ed.) § 1895; 58 C. J. p. 1129; Segall v. Loeb, 218 Ala. 433, 118 So. 633. The judgment in the first action is *res judicata* between the parties to that suit, namely, Gotfred and Emma Ingelson, plaintiffs here, and the defendant. 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) §§ 5154, 5155, 5161, 5162. That judgment con-

clusively establishes the right of Gotfred Ingelson and Emma Ingelson to a conveyance from defendant Olson to them and the other plaintiffs of the right of way west of the barn, and that defendant will remove any obstructions that may be on said roadway so that the same may be opened and used by plaintiff. This judgment is not affected in respect to plaintiffs' right to a private roadway west of the barn by the judgment recovered in the second action. That relates only to the way by prescription lying east of the barn. A memorandum filed by defendant upon the second trial admits this to be the fact.

The judgment in the first action determined the rights of the parties. The subsequent lawsuits were unnecessary. This case well illustrates the soundness of the doctrine of *res judicata,* which is founded on considerations of public policy expressed in the maxims: "A man should not be twice vexed for the same cause," and "it is for the public good that there be an end of litigation." 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 5159. The doctrine of *res judicata* not only puts an end to strife which otherwise would be endless, but produces certainty as to individual rights and gives dignity and respect to judicial proceedings. 15 R. C. L. p. 954, § 430.

■ A public highway, 30 feet in width, was laid out by the town board. The easement for a private road is the westerly 20 feet of this highway. It is claimed that the order of the town board laying out this road is void because it was adopted on a holiday. The order of the town board is dated May 30, 1893, Memorial Day. It does not necessarily follow that the order is void. The statute dealing with holidays, 2 Mason Minn. St. 1927, § 10933, contains different prohibitions. Service of process is absolutely prohibited. The transaction of public business on such days is not absolutely prohibited, but is lawful and the thing done valid "in case of necessity." 2 Mason Minn. St. 1927, § 10933; State v. Sorenson, 32 Minn. 118, 121, 19 N. W. 738.

Public bodies and officers are presumed to do their duty and act within the limits of their power, and this presumption operates to

sustain the legality of their acts until the contrary is shown. 2 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) §§ 3433, 3436. In the situation at bar the fact of necessity must have existed in order to give validity to the act of the town board, and in applying the presumption of legality to its proceedings it must be presumed that the fact of necessity existed. In R. H. Stearns Co. v. United States, 291 U. S. 54, at p. 63, 54 S. Ct. 325, 328, 78 L. ed. 647, it is said: "Acts done by a public officer 'which presuppose the existence of other acts to make them legally operative, are presumptive proofs of the latter.'" Thus, the necessity of proceeding with the trial of a case on a holiday is presumed. State v. Sorenson, 32 Minn. 118, 121, 19 N. W. 738 (Washington's birthday); State v. Salverson, 87 Minn. 40, 45, 91 N. W. 1 (Memorial Day); Fureseth v. G. N. Ry. Co. 94 Minn. 500, 103 N. W. 499 (Memorial Day). In each case cited the proceedings would be void upon their face as being prohibited on a holiday unless it were presumed that the proceedings were conducted out of necessity. It is the fact of necessity which is presumed. In Gillette-Herzog Mfg. Co. v. Bd. of Co. Commrs. of Aitkin County, 69 Minn. 297, 306, 72 N. W. 123, 126, it was claimed that the county board could not let the contract without having advertised for bids and then making an award to the lowest bidder and that the contract was not authorized because the board had not been empowered to let it by a vote of the electors of the county. It was presumed that bids were called for if necessary and proper award made, and that the board had been duly empowered by the electors to let the contract. This court said: "Although the power to act depends upon the existence of some preliminary fact, it must be presumed, if the contract is made, that the fact existed." The existence of the fact of necessity, giving validity to the acts of the town board, will be presumed the same as any other fact.

■ The description of the public highway is as follows:

"Beginning at a point about 28 rods of the section corner on the section line between sections 13 and 14, township 34, range 20, thence due west about 5 rods or until it strikes the division line

between the lands owned by Sakris Berglund and Wm. Borg in NE¼ of NE¼, section 14, township 34, R. 20, thence following said division line in a northerly direction until it strikes the public road known as the Amador road and that the road runs on the east side of said division."

It is said that there is no point of beginning because there is no direction indicated after the words "28 rods." If the description is applied to the land, however, it is manifest that the word "south" should appear after the words "28 rods." The section line between sections 13 and 14 runs north and south. The two section corners are a full mile, or 320 rods, apart. The land of Borg and Berglund is in the northerly half of the northeast corner of section 14, and part of Borg's land is in the northwest corner of section 13. All of it lies south and west of the north section corner. The Amador road cuts across the northeast corner of section 14 at the corner of Berglund's and Borg's lands. The southernmost extremity of any of the land referred to is 80 rods south of the north section corner. This point is 240 rods north of the south section corner. If the 28 rods were taken north from the corner just mentioned, it would not come within 212 rods of the southernmost point of the land of either Berglund or Borg. It would be impossible, running the line north, to answer the other calls in the road order. On the other hand, if the line were run south from the north section corner, it would place the point of beginning on Borg's land, and by proceeding thence due west to the boundary line between Borg's land and Berglund's land it would answer the other calls in the description. It would be utterly impossible to proceed 28 rods in any direction except south in order to answer the calls in the order. By going south, all the calls in the order are answered. It is obvious that south was intended. It is only by going 28 rods south that a point can be reached from which a line can be run five rods "or until it strikes the division line" as in the description. It is as clear as if the word "south" were inserted after the words "28 rods" that the point of beginning is to be measured 28 rods south from the north section corner on the section line between

sections 13 and 14. In such a case the omitted word will be supplied. 2 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 1835a; 18 C. J. p. 260, § 212, notes 25-27. The word "about" will be dropped before the words "28 rods" in order to give certainty to that distance. The words "28 rods" will be taken absolutely and not with qualification. Austrian v. Davidson; Johnson v. Pannel's Heirs; Co-operative Bldg. Bank v. Hawkins, *supra*.

The distance "thence due west about 5 rods or until it strikes the division line between the lands owned" by Berglund and Borg is controlled by the statement that it is to run until it strikes the division line. Authorities, *supra*.

We have not overlooked Appeal of Ondrachek, 154 Minn. 178, 191 N. W. 418, and other authorities cited. None of them are inconsistent with the views herein expressed.

It is not necessary to have a new trial of all the issues. There remains to be determined the exact location upon the land of the curve around the machine shed of the private roadway and its course to plaintiffs' land in the event the parties do not abide by the description. The court should be able to determine this from the evidence already received, but may receive further evidence on this point in its discretion. Plaintiffs are entitled to a roadway over land defendant admittedly owns. It will be located along the west line of that land. Plaintiffs will not be required to have a lawsuit with the owner of the land adjoining defendant on the west side if he claims title to defendant's land lying west of the fence.

The legality of the order of the town board laying out the road depends upon the question of whether the action on the holiday was a case of necessity.

The evidence should be confined to these two issues.

Reversed with directions to proceed in conformity with this opinion.

Mr. Chief Justice Gallagher, not having been a member of the court when this case was argued and submitted, took no part in its consideration or decision.

Mr. Justice Stone took no part in the consideration or decision of this case.