THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* DOMINGO SANJURJO, Defendant and Appellant.

No. 8701. Argued May 8, 1941.—Decided May 20, 1941.

*Luis F. Camacho* and *José Aponte,* for the appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for The People, appellee.

Mr. Justice De Jesús delivered the opinion of the Court.

Act No. 255 of 1938 (Laws of 1938, page 480) approved to fix a minimum and maximum price to coffee and for other purposes, in its Section 6 authorizes the Commissioner of Agriculture and Commerce to approve rules and regulations necessary for its execution, which "shall have force and effect of law after their publication in two newspapers of general circulation in Puerto Rico." In the exercise of this authority, on August 5, 1939, the Commissioner of Agriculture and Commerce issued the corresponding regulations, whose Section 10, under rule 3, provides that every dealer or buyer of Puerto Rican coffee, shall upon written request of the commissioner or his authorized representatives, give all the information and file all the data which said officer may deem convenient for the execution of said Act.

On December 23, 1940, the appellant was convicted and sentenced to pay a $25 fine for violating the aforementioned Section 10 of the Regulations, when he failed to furnish the commissioner with some information requested from him on January 9, 1940, in relation to 169½ pounds of coffee which were attached as his property and about whose existence the department had no knowledge.

■ Arguing this appeal, the appellant sustains that the lower court erred in admitting in evidence the said regulation without it having been shown that it was in force, notwithstanding the amendment to Section 6, *supra,* of the Act of 1938, by Act No. 112 of 1940 (Laws of 1940, page 694). Courts take judicial notice of "whatever is established by law," as of "official acts of the legislative, executive and judicial departments of Puerto Rico and of the United States", (Law of Evidence, Section 398) and therefore, it was not necessary, in order to admit the regulations in evidence, to prove the effects of a law of which the lower court had judicial notice.

■ Going into the merits of the argument, we do not understand how it can be held that the amendment to the said Section of the Act of 1938, could have the effect of repealing the aforesaid regulations. Section 6, as amended by the Act of 1940, only differs from the original in that it provides that the regulations which the commissioner is authorized to issue, shall have force of law, not immediately after their publication in two newspapers of general circulation as provided by the Act of 1938, but five days after said publication. We find no provision in the Act of 1940, which expressly or implicitly show the purpose of repealing said regulations. On the contrary, the law aforementioned, in amending Section 7 of the Act of 1938, expressly acknowledges its existence in prescribing:

"Any person violating the provisions of this Act, or of the rules, *regulations,* and proclamations, *promulgated,* or which may be promulgated in the future, in virtue hereof, shall be guilty of a misdemeanor. . ."

The amendment of 1940, in providing that the regulations shall not have force of law until five days after its publication, refers to the regulations which may be issued by virtue of said law, but until the Commissioner of Agriculture and Commerce does not deem it convenient to amend the one which he issued under the Act of 1938, or to issue

another under the law in force to repeal the former, it will continue in force as it was promulgated, and any violation thereof will be considered a misdemeanor, and shall be punished according to the provisions of Section 7, as amended by the Act of 1940.

■■ The appellant alleges that the regulation was not admissible in evidence because its publication in two newspapers of general circulation had not been previously proven. We accept that the regulation whose violation is alleged would be void if it had not been published in two newspapers of general circulation in Puerto Rico; but it was the appellant who should have furnished evidence as to this defect and he did not do so. "It is presumed that the law has been obeyed" provides Section 102 of the Law of Evidence. The presumption arises therefrom that where regulations approved by government officers and boards as well as municipal ordinances are concerned, the requisites demanded by law for their validity have been faithfully complied with. The one who alleges the contrary has to prove it in the affirmative. 20 Am. Jur. 176; *Ingelson* v. *Olson,* 272 N.W. 270; *People* v. *Solís,* 56 P.R.R. 269. As said presumption remained unchallenged, the district attorney was not bound to offer evidence as to the publication of the regulations.

■ The answer given by the appellant to the Commissioner, to the effect that he did not know from whom he had bought the coffee, because he had had various employees who were no longer working for him, is no excuse for the noncompliance with the provisions of the regulations. The obligation to issue the reports is imposed on the dealer or buyer of coffee, and not on their employees, and the defendant being the owner of the business, he was bound to manage it in such manner as would permit him to comply with the duties imposed on him by law.

Finally, we wish to add that although it appears from the transcript of the evidence that the letter by which the defendant was requested to furnish the information referred

655

to, was written by the Inspector of Coffee Sales, Francisco. Jiménez, yet it also appears from exhibit 3 of the district attorney, that said letter was signed by the Assistant Commissioner of Agriculture and Commerce, Mr. Roberto Castellón, an officer legally authorized to request said information.

For the above mentioned reasons, the judgment appealed from must be affirmed.